ELIZUR GOODRICH, Esq. Judge of Probate for the District of *New Haven, against* SAMUEL THOMPSON and JOHN HOWE.

MOTION for a new trial.

This was an action of debt on a bond given by the defendants to the plaintiff as judge of probate, with a condition that it should be void, if the defendant *Thompson* should faithfully administer on the goods and estate of *Moses Thompson*, deceased. The defendants were defaulted, thereby confessing a forfeiture, and then moved to be heard in chancery on the question of damages, agreeably to the statute.(a) On the hearing, the defendants' counsel exhibited in evidence a copy of the administrator's account, duly authenticated, which had been allowed by the court of probate. In this account, there was a charge by the administrator for keeping the stock on the farm of the deceased. The plaintiff then offered to prove, that the administrator had mowed and taken to his own use and benefit the hay on the farm, for two years after the death of the intestate, of the value of forty dollars ; and that he had, during the same term, occupied the house and land belonging to the estate, and taken to himself the rents and profits, amounting to one hundred and fifty dollars ; without having in any manner accounted for them. To the admission of this evidence the defendants objected ; and the court decided the same to be inadmissible. The plaintiff then claimed, that two *items* in the administrator's account were unreasonable and unjust; and that they ought not to have been charged against the es-

The decree of a court of probate allowing an administrator's account cannot be impeached in an action on the probate bond; the only remedy for the party aggrieved being by appeal, writ of error, or application for a new trial.

The title to real estate, on the death of the intestate, vests in the heirs at law, subject to be devested only by a sale under a decree of probate for the payment of debts. The heirs, therefore, have a right to enter immediately into possession and take the rents and profits. And if the administrator in fact enter into possession, and take the rents and profits, he is accountable for the same, in case the estate be solvent, to the heirs only, and not to the judge of probate in his administration account.

(a) Tit. 6. c. 1. s. 8.

June, 1810.

GOODRICH
v.
THOMPSON.

tate, or allowed by the court of probate. These *items* were 84*l.* lawful money, paid by the administrator to *Mary Hastings*, to compromise a lawsuit, and 129*l.* expended in defending against it. In support of this claim the plaintiff offered evidence to establish the following facts: *Moses Thompson*, in his life-time, made an instrument purporting to be his last will and testament, by which he gave all his estate to *Mary Hastings*, and constituted her his sole executrix. This instrument, after *Thompson's* death, she exhibited to the court of probate, who, on a full hearing of all parties in interest, set it aside. *Mary Hastings* took an appeal to the superior court, where the cause was pending, and had been partially heard, when the administrator made a settlement with her, and on such settlement agreed to give her 84*l.* on condition of her withdrawing her appeal, and quitclaiming to the heirs at law all her right and title to the real estate of the deceased. The terms were acceded to and complied with, on her part, and the sum specified paid by the administrator. The further sum of 129*l.* was paid out by the administrator to counsel, witnesses, tavern-keepers, &c. in contesting the will before the court of probate, and in defending against the appeal in the superior court. To the admission of this evidence, or any evidence whatever, which, in any respect, called in question the administrator's account, the defendants objected; and the court rejected the evidence offered, on the ground that it appeared from the records of the court of probate, that said account had been submitted to, and approved and allowed by, that court; that the facts offered to be proved, did not tend to show fraud or imposition on the part of the administrator; and that the only mode in which said account could be reviewed must be by appeal from the decree of the court of probate.

The plaintiff moved for a new trial on the ground that the evidence offered by him, was improperly re-

jected by the court. The question was reserved for the opinion of the nine judges.

June, 1810.

GOODRICH
v.
THOMPSON.

*Daggett* and *Mills*, in support of the motion.

1. The court of probate ought to have compelled the administrator to account for the rents and profits of the estate. We do not mean to controvert the principle, that the *title* to intestate real estate vests in the *heirs at law*. But in *Connecticut all the estate* of the deceased is liable for the payment of debts. The administrator is, therefore, required to have the real as well as the personal estate inventoried and appraised. He is also required to maintain the houses and buildings belonging to the estate in tenantable repair, " by the revenue of the lands."(a) If the personal property is not sufficient for the payment of debts, the court of probate will order a sale of real estate; and the administrator is the only person who can make the sale.(b) In the case before the court, it does not appear whether the estate was solvent or insolvent; but if it was insolvent, the creditors would be the only persons interested. The *legal title*, it is true, would vest in the *heirs* until the sale; but they would have no *beneficial interest*. Because the administrator cannot maintain ejectment, *non sequitur* that he ought to account to the heirs only for the rents and profits.

The court of probate allowed the administrator's charge for taking care of the farm; the rents and profits ought certainly to have been credited to countervail this charge.

2. The evidence offered in the superior court to show that the two *items* of 84*l.* and 129*l.* in the administrator's account ought not to have been allowed, was improperly rejected.

First, the account, so far as it respects these *items*, was a

(*a*) *Stat. Conn.* tit. 60. c. 1. s. 24. (*b*) Vide *Swan* v. *Wheeler,* ante, 137.

VOL. IV. E e

grossly improper account. The law does not authorize the administrator to compound with the devisee, and to charge such sum as he might choose to give, upon the estate. It was not his duty, as administrator, to contest the will. If he did it as heir at law, or as agent for the other heirs, he cannot charge the expense in his administration account.

Secondly, it was competent to inquire into this account in this action. The condition of the bond is, that the administrator shall make " a true and just account of his administration." Clearly, then, we show a breach, by showing that the account which he has made was unjust and improper. But it will be contended, that the decree of probate allowing the account is conclusive evidence that it was true, and just. The only reason why a judgment is any evidence is, that the parties have had an opportunity to be heard. But the heirs were not parties to the decree allowing this account. They were not cited in. They had no right to appear. Their appropriate remedy is by an action on the probate bond. It is a part of the condition, that the administrator shall " make a true and perfect inventory." Suppose he exhibits a false and fraudulent inventory, and procures it to be accepted by the court of probate; will not the administrator be liable on his bond? This point was settled in *Bisco* v. *Bishop*, 1 *Day*, 15. The principle for which we contend was also established in *Sherman* v. *Talman*, 2 *Root*, 140. That was, like this, an action of debt on an administration bond. The breach assigned was, that the administrator had exhibited a false account to the commissioners, and had it allowed. The defence was, that the report of the commissioners had been accepted by the court of probate, and if any person was aggrieved by the decree accepting it, he ought to have appealed. But the court decided, that though an appeal might have been taken, yet the plain-

tiff might prove the breach assigned in that ac-
tion.

*Ingersoll* and *N. Smith*, contra.

1. The decision of the superior court on the first point proceeded upon the plain and incontrovertible principle that the real estate of a deceased person, on his death, vests in his heirs at law. The administrator generally has nothing to do with the real estate. The only instance in which he has any control over it, is where there has been an order of sale. Further, the administrator's powers and duties relate only to the goods and estate of the deceased. But rents and profits, which accrued after the death of the deceased, obviously never belonged to him. They belong to that description of persons to whom the land belongs.

2. No fact has been disclosed to show that the administrator's account was an improper one. But we contend, that as this account has been exhibited to the court of probate, and by that court allowed, it cannot now be impeached. The court had jurisdiction, and professed to decide the point. The cases of *Bush* v. *Sheldon*, 1 *Day*, 170. *Rockwell* v. *Sheldon*, 2 *Day*, 305. and *Judson* v. *Lake*, 3 *Day*, 318. apply, therefore, to this case, and must be decisive of it. A part of the condition to this bond is, that the administrator shall render a just and true account; and the breach assigned is, that he has not rendered a just and true account. But from the records of the court of probate it appears that he has rendered an account; and the decree accepting and approving it shows it to be a just and true account. That decree, not having been reversed, or appealed from, must be impeached, before a breach can be shown to support this action. The sole question before the court of probate when the account was exhibited for acceptance, was, whether it was a just and true account? Precisely the same question is made here; and must receive a

June, 1810.   contrary determination, or this action cannot be sup-
              ported.

GOODRICH          Suppose an appeal had been taken from the decree
   v.         of probate, and affirmed in the superior court. On any
THOMPSON.     principle that will sustain this action, an action on the
              probate bond might then be brought, and the very points
              which had been settled on the appeal might be litigated
              again in the same court.

                  There is another objection, of a distinct nature, to this
              action. It is an action in favour of the judge of probate.
              It does not appear that it was brought for the benefit of
              any one else ; or that the judge was imposed upon ; or
              that any thing new has occurred. Shall he now be per-
              mitted to come in, and say that his decree was wrong,
              and try the question before this court ?

                  *Daggett*, in reply to this last objection, observed, that
              the judge of probate is a mere trustee with regard to
              the administration bond. His admissions are not evi-
              dence. He would be enjoined against releasing. It is
              not necessary, nor is it usual, to state in the declaration
              for whose benefit the action is brought. *Clark* v. *Rus-
              sell*, 2 *Day*, 112.

                  MITCHELL, Ch. J. (after stating the case.) 1. One
              question referred to this court was, whether the supe-
              rior court on the circuit determined right in rejecting
              the testimony offered, relating to the two *items* of 84*l.*
              and 129*l.* in the administrator's account ? I am of opi-
              nion, that this testimony was irrelevant, and inadmis-
              sible.

                  The court of probate, which made this allowance to
              the administrator, had competent jurisdiction to deter-
              mine, in the first instance, the justice and legality of
              charges exhibited by the administrator against the estate ;
              and if any of the heirs were aggrieved, their relief should
              have been sought by an appeal from the decree of the

probate court to the superior court ; which would have been allowed at any time within eighteen months from the date of the decree.(a) No liberty to appeal being moved for in due season, and the estate being settled, and distribution made, the administrator had a just right to conclude that all parties concerned acquiesced in the judgment of the probate court ; and no remedy can be had by action on the administration bond.

June, 1810.

GOODRICH
v.
THOMPSON.

The judgment and determination of a court of competent jurisdiction, cannot thus be impeached collaterally, and set aside by another court. The decree of the court of probate must first be removed, either by an appeal in due time, or by a writ of error, or petition for a new trial. While it is unreversed, it is to be considered as conclusive on all parties concerned. This doctrine is warranted by the precedents in this state ; as appears by the cases of *Bush* v. *Sheldon*, *Rockwell* v. *Sheldon*, and *Judson* v. *Lake*.

To allow a review of the decrees of probate in an action of debt upon the bond given to the judge, would be to admit every administration account to be examined, and re-examined, and litigated, as often as any captious heir should be dissatisfied. It would prevent the settlement of intestate estates for many years, and vex administrators to such a degree that no man could be found to accept the trust ; and it would defeat the intention of the statute limiting the time of appealing from the decrees of the probate courts, and render extremely inconvenient our whole probate system.

2. The counsel for the plaintiff stated, that the administrator entered into the possession of a part of the real estate, and took the rents and profits thereof, two years after the decease of *Moses Thompson ;* and that he gave no credit to the estate for those rents ; and evidence was offered on the part of the plaintiff before the

(a) *Stat. Conn.* tit. 42. c. 1. s. 96.

curcuit court, to show the same ; which was objected to, and by the court rejected.

I am of opinion, that as this was a solvent estate, the heirs at law had right to enter into the possession of the real estate as soon as the descent was cast ; and the administrator was accountable only for the goods and estate of the deceased which came into his hands. The rents and profits of the real estate belonged to the heirs ; and if he possessed the real estate, the judge of probate had no legal right to call him to account for the profits thereof, nor are they included in the tenor of the bond. Hence it appears, that testimony to this point could not avail the plaintiff, and was inadmissible. I am, therefore, of opinion, that no new trial ought to be granted.

In this opinion the other judges severally concurred.

New trial not to be granted.