EDMOND *against* CANFIELD and another:

*Litchfield,*
June, 1830.

### IN ERROR.

A decree of a court of probate allowing an executor's administration account, embracing a charge by such executor for money disbursed by him in payment of a claim against the estate of his testator, is the subject of revision, by appeal to the superior court.

THIS was an appeal from a decree of the court of probate, allowing to the executors of *John Edmond*, deceased, (the present defendants in error) their administration account, including a charge for paying a debt to *Lovey Edmond* of 950 dollars, principal, and 30 dollars, 33 cents, interest. The reason assigned for the appeal was, that the said sum of 980 dollars, 33 cents, ought not to have been allowed in said account, because it was not justly due to said *Lovey Edmond.* This was traversed ; and issue was joined thereon.

The cause was tried at *Litchfield, August* term, 1829, before *Daggett*, J. ; and thereupon it was adjudged, that the superior court had no jurisdiction of the appeal ; and it was accordingly dismissed. On motion in error, by the appellant, the case was brought before this Court for revision.

*J. W. Huntington* and *Dutton*, for the plaintiff in error, contended, That the superior court had jurisdiction of the appeal. By the statute, any person aggrieved by any order, sentence, decree or judgment of a court of probate, in the settlement of an estate, may appeal therefrom to the superior court. *Stat.* 208. *tit.* 32. *s.* 36. The executors were required by law, and by the express terms of their bond, to exhibit their administration account to the court of probate. It was their proper duty to pay just claims against the estate ; and having paid them, to state such payments in their account. This account, being presented to the judge of probate, must be allowed or disallowed by him ; and in passing upon the whole account, he must necessarily pass upon each item composing it. The determination of the court in relation to such account, or any part of it, is " an order, sentence, or decree or judgment" of such court, attended with the same solemnities, and having the same force, until regularly vacated, as any other order or decree of that court. *Goodrich* v. *Thompson*, 4 *Day*, 215. It

*Litchfield,* follows irresistibly, that it is the subject of revision, by appeal to the superior court.

June, 1830.

Edmond
*v.*
Canfield.

Further, the only way in which the executor can get a reimbursement of the money, which he has advanced in discharge of debts due from the estate, is by charging it in his administration account. If this is disallowed, by the court of probate, and he cannot appeal to the superior court, he is remediless. But if the executor, when the decree is against him, may procure a revision of it in this way, the heirs or devisees may do the same thing, when it operates against them.

As this is a *solvent* estate, the *creditors* generally have no interest in the point in controversy. And in no case, can the individual creditor whose debt has been paid, be affected, by the decree ; because, in the absence of fraud or mistake, (and none is to be presumed) he may always retain what the executor has paid.

If the court of probate is not called upon to perform any judicial act in relation to the administration account, the necessary consequence is, that the account *must be allowed of course ;* for it must be settled. It is the basis of ulterior proceedings. If the acceptance of it is a judicial act, then it is clearly an order or decree of court, which may be appealed from.

*Benedict,* for the defendants in error. The court of probate has no power to examine, adjust and settle the claims of the creditors to an estate not represented insolvent. The claims can be decided only in a court of law. The reason of this is, that the court of probate has no means of bringing before it the creditor whose claim has been paid, and compel him to establish it, or to refund the money to the executor. Nor can that court pass any order, sentence or decree, affecting, in any manner, the rights of such creditor. He can give general notice, by advertising in the newspaper or on the signpost, of the time when the executor's account is to be settled. But a creditor to the estate, whose debt has been paid, has no interest in the adjustment ; nor from such general notice is he supposed to understand, that his claim is to be disputed. Nor has the executor any power, even if he has notice that an heir is dissatisfied with a particular claim, to cite the creditor before the judge to substantiate it. Such a proceeding throughout, is wholly unknown to the law ; and, if it can be sustained, it will place in the hands of the judge of probate the sole power of ad-

judicating on all the claims of the creditors to the estate. *Litchfield,* This court would be an extraordinary tribunal for that purpose. June, 1830.

Edmond *v.* Canfield.

If the court were to examine this claim, and should disallow it, it is true, that the executor could not recover back the money of the creditor. The reason is, that she is no party to these proceedings, and not bound by them. The inevitable consequence would be, that he might lose the money. Now, an executor or administrator acts in the character of *agent* for the parties in interest touching the settlement of the estate. He is to exercise a sound and reasonable discretion in respect to the allowance and payment of claims ; and if, in the exercise of such discretion, the estate sustains a loss, it must bear it ; otherwise he would not be justified in paying any claim, except by suit, and judgment rendered upon it, with costs, and on review and allowance by the judge of probate. If he did, it must always be at his own risk. And who would administer an estate upon such principles ? An executor or administrator would always find himself in difficulty in recovering back money, which he had paid to a creditor, after an opportunity to examine into the claim, and having allowed it because he believed it to be just.

All claims, which the executor sees fit to dispute, are to be sued for in a court of law. If he wastes the estate, by the injudicious and improper allowance of claims, which he ought to have disputed, an obvious remedy presents itself, by suit on the probate bond, wherein all proper allowances will be made for him.

Whether a creditor is " aggrieved" by a decision of the court of probate, depends on the question, whether that court has a right to settle his claim. To assert, in this case, that the creditor is *aggrieved*, is, therefore, *petitio principii.*

HOSMER, Ch. J. Whether the superior court had jurisdiction of the appeal from the decree of probate, is the only question in the case.

It was argued, by the counsel for the defendants in error, that the court of probate had no authority to examine and adjudicate upon the claims of the creditors to an estate not represented insolvent ; and from this it was inferred, that if it did adjudicate on the administration account, in which the payment

Vol. VIII.　　　　12

of a debt was charged, no appeal could be taken from its determination.

If the premises are true, the inference is inadmissible. Although the determination of a court is exjurisdictional and void, it has often been adjudged, that error lies to reverse it. Where a suit is brought before the city court, and it appears that neither party dwells in the city, and that the cause of action did not arise there, can it be doubted, if jurisdiction is sustained by the city court, whether the judgment might not be reversed? And on the same principle, if the probate court had no jurisdiction, but had made a decree, ought not the superior court to set it aside? The consideration of this point, however, I waive, as being unnecessary to be decided.

I advance this, as being a clear proposition, that, in the case before us, the court of probate had jurisdiction; it being indispensably necessary to effectuate the object of the law regarding the settlement of estates; and that an appeal to the superior court lies from its determination.

I will first consider this position *on principle.* When administration is taken upon the estate of a deceased person, a bond is given, by the administrator, to the judge of probate, conditioned, among other things, *to render a just and true account of administration.* It likewise is specially provided, that *all the rest and residue of the estate, which shall be found remaining, upon the administrator's account, the same being first examined and allowed, by the court of probate, the administrator shall deliver and pay over as the said court shall appoint.* Stat. 201. *s.* 11.

This instrument, in connexion with the general law on the subject, shows, decisively, the duty of the administrator, and the jurisdiction of the probate court. At the commencement of his official existence, the administrator stipulates with the court, in conformity with the express requisition of the law, that he will *render a just and true account of his administration;* and this he submits to the examination and adjudication of the judge. Such an administration account, sanctioned by the decision of the court, is necessarily precedent to the distribution of the deceased's estate. Every item in every administration account, must be examined and adjudicated upon, by the court of probate; nor is this matter of form, but of substance; otherwise, the records of the court, which ought to be of incontrovertible verity, would afford no evidence of the just

and legal settlement of an estate. There is, likewise, another clear consequence. If the allowance of an administration account, or of any item contained in it, is *pro forma* only, without the exercise of an authoritative determination, the administrator is the judge of its fitness, and may procure the allowance of just such an account as he pleases.

*Litchfield, June, 1830.*

*Edmond v. Canfield.*

No distribution of an estate can be made, until the administration account is allowed, by the judge; for until this is done, the surplus to be distributed is unknown. But if the allowance is *pro forma* only, and no jurisdiction is exercised, by the court, the surplus, after the account is allowed, is equally unknown. It is precisely such as the administrator pleases. If there is an alleged deficiency of personal estate for the payment of the debts and charges, the administration account must be exhibited and allowed, in order that the court may decree the sale of so much of the real estate as shall be requisite. In both of the instances alluded to, the court of probate has an important jurisdiction to exercise; and if the proceeding is deemed *ex parte* in respect of the creditors and heirs, this so far from rendering the probate court an instrument in the administrator's hands, proves the necessity of exerting a careful and vigilant jurisdiction. For either the judge must exercise a jurisdiction, and see that no unjust charges are allowed; or, without adjudicating upon them, he must authorize the sale of the real estate, under the pretence of an unascertained necessity, and decree the distribution of an estate, without any certainty that it is just.

From the remarks already made, I trust, it clearly appears, that the court of probate, over every item of the administration account, exercises a necessary jurisdiction. It is equally apparent from another consideration. Every person, who is aggrieved, by any order, sentence, denial, or decree of probate, may appeal therefrom to the superior court; (*Stat.* 208. *s.* 36.) and by necessary inference, such court must hear the cause, and correct any existing injustice. The right to appeal and the supposed right of the superior court to refuse a hearing of such appeal, are in direct opposition, and cannot co-exist. This right of appeal is universal. Every aggrieved person may appeal from any order or decree. It is a necessary consequence, that every order or decree of a court of probate may *aggrieve;* that it exercises jurisdiction over all matters, on which it passes a judgment or order of any kind, otherwise it could not aggrieve; and that all its doings, like those of any other court, are not nugatory, but are the grave adjudications of a judge.

*Litchfield,*
June, 1830.

Edmond
*v.*
Canfield.

It has been said, that the rejection of a claim made by the administrator, for the payment of a supposed debt, may, if the probate court has jurisdiction, affect the creditor, who is no party to the proceeding ; and this too, by the determination of a court, that cannot act upon his rights.    For this suggestion there is no ground.    The decree of probate acts on the claim of payment by the administrator, and thus far is conclusive ; but operates no farther.    And this is both just and necessary.    The administrator must see, that he has satisfactory proof of a debt, before he makes payment of it ; and it is no hardship on him, to subject him to this principle.    So far from this, it is necessary for the protection of the heir, and the preservation of the estate, both personal and real, from unjust diminution.

It has been argued, that the remedy, in this case, is on the probate bond.    Now, suppose the injustice complained of were remediable in this manner, it obviously could make no difference in this case.    A concurrent remedy, if it existed, would not impair the more speedy, direct and unexpensive redress by appeal, which the law has given in the most express terms.

But how can the supposed remedy on the bond exist ?    When the judge, in his official capacity, and in his own name, brings a suit on the administration bond, may he call in question his own determination, proved by his own records ?    It would contradict all principle and analogy.

That the allowance of an appeal, in this case, places the law on the best footing for administrators, and all others in the settlement of an estate, is perfectly indisputable.    The errors of probate are corrected with little trouble and expense ; and the settlement of an estate is brought to a speedy termination.

Thus far, the case has been examined on principle.    All the questions, however, now agitated, were settled, by this court, in *Goodrich* v. *Thompson* & al. 4 *Day,* 215.    In that case, it was adjudged, that the court of probate, which had made an allowance to an administrator of certain contested sums in his account, one of which was for the payment of money to compromise a suit, had jurisdiction to decide the question.    It was further determined, that if any of the heirs were aggrieved, they had right of appeal to the superior court.    And lastly, it was decided, that a review of the determination of the probate decree was inadmissible on the probate bond.    Every point in this case was determined in favour of the plaintiff in error.

The other Judges were of the same opinion.

Judgment reversed.