[Crim. No. 760.   Department One. — September 17, 1901.]

## THE PEOPLE, Respondent, v. MIGUEL FIGUEROA, Appellant.

| 134 | 159 |
| 136 | 523 |

CRIMINAL LAW — SETTING ASIDE INFORMATION — PRELIMINARY EXAMINATION — TIME TO PROCURE COUNSEL — PRESUMPTION. — An information will not be set aside for refusal of the magistrate conducting the preliminary examination to grant the defendant further time in which to procure counsel, where it appears that he had been granted one week in which to procure counsel and prepare for the hearing. In the absence of evidence to the contrary, it will be presumed that he was duly informed by the magistrate of his right to the aid of counsel in every stage of the proceeding.

ID. — RAPE — EVIDENCE — USE OF DIAGRAM. — Upon the trial of a defendant accused of rape, it was not objectionable for the prosecuting attorney to draw upon a blackboard a diagram of the scene of the crime and its surroundings, and to prove by a witness familiar with the locality that it was a substantially correct representation thereof, and to use it in the examination of the witness, in the usual way, asking him to state the distances between the objects indicated thereon.

ID. — CONDITION OF PERSON AND CLOTHING OF CHILD — BEST EVIDENCE. — The mother of a child six years old, charged to have been outraged by the defendant, was entitled, after testifying that within a few minutes after the commission of the crime she inspected the child's person and clothing, to describe their condition. The condition of the clothes at the time of the trial, even if left unwashed, were not the best evidence, or any evidence, of their condition immediately after the outrage.

ID. — COMPLAINT OF CHILD INCOMPETENT TO TESTIFY. — The general rule that evidence of the complaints of the prosecuting witness, in cases of rape, are only admissible as corroborative of her testimony, does not apply to complaints made by a child six years of age, who is incompetent to testify. In such case, the fact of immediate complaint by the child is admissible, as tending to show her physical condition at that time, though any narrative of what the child said is inadmissible.

ID. — ABSENCE OF EXPERT MEDICAL WITNESS — FAILURE OF SHERIFF TO SERVE SUBPŒNA. — The mere absence of a physician desired by the defendant as an expert witness, owing to the failure of the sheriff to serve a subpœna upon him, is not ground for reversal of the judgment of conviction, where no other effort appears to have been made to have the subpœna served by some other person, and no continuance was asked until the attendance of a physician could be procured.

ID. — REBUTTAL — CONTRADICTION OF WITNESS AS TO CONVERSATION. —
    It was proper for the parents of the injured child to testify in re-
    buttal in contradiction of a witness who testified concerning a con-
    versation between them, about which they were not examined in
    chief, but which was inconsistent with their original testimony.

APPEAL from a judgment of the Superior Court of Los An-
geles County and from an order denying a new trial. B. N.
Smith, Judge.

The facts are stated in the opinion.

Hugh J. & William Crawford, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr.,
Deputy Attorney-General, for Respondent.

GRAY, C. — The defendant appeals from a judgment con-
victing him of rape, committed on the body of a child six years
of age, and from an order denying him a new trial. The
points made by appellant, so far as they are deemed material,
will be considered in the order in which they appear in appel-
lant's brief.

1. In the absence of a showing to the contrary, it will be
presumed that the magistrate before whom the defendant was
first brought after his arrest duly informed him of "his right
to the aid of counsel in every stage of the proceedings." It
appears that defendant was first arraigned in the justice's
court on July 3, 1900, and that his examination was then set
for the tenth day of the same month. This gave him a week
to prepare for the hearing; he failed, however, to procure
counsel, and no attorney appeared for him at the preliminary
examination. On said July 10th, the defendant requested the
further postponement of the examination, that he might have
further time to procure an attorney. The magistrate denied
the request. All this was urged before the superior court as a
reason for granting the defendant's motion to set aside the in-
formation.

We think the motion to set aside the information was prop-
erly denied. Seven days was a reasonable time in which to
obtain an attorney, and the defendant not having procured
one in that time, and apparently having no means, the outlook
for his ever being able to get an attorney to represent him at
the preliminary examination was, to say the least, discour-
aging. The defendant was not deprived of his right to counsel

by the action of the magistrate, and was given ample time to avail himself of that right. (*People* v. *Flannelly*, 128 Cal. 83.)

2. It would serve no useful purpose to set out the evidence herein, or to discuss its sufficiency at any length; we deem it sufficient to say that we have carefully examined the same, and find it ample, even under the most extreme view that could be taken as to the acts necessary to constitute rape, to support the verdict of conviction.

3. The prosecuting attorney drew a diagram of the scene of the crime and its surroundings on a blackboard, in the presence of the jury, and after explaining it, in their hearing, to a witness familiar with the locality portrayed, asked the witness if it was a "substantially correct diagram of the locality and the points of which it purports to be a representation"; to which the witness replied, "Yes, sir." The counsel then made use of the diagram in the examination of the witness, in the usual way, pointing to it, and asking the distances between various objects thereon indicated. There can be no valid objection to the method thus pursued by counsel in the examination of a witness, and the court very properly overruled the objections that were made to it by defendant's attorney.

4. Within a very few minutes after the commission of the crime the mother of the outraged child inspected her person and clothing, and at the trial the mother described their condition. Defendant moved to strike out the description of the condition of the clothes, on the sole ground that it was not the best evidence. This was the best evidence that could have been produced at the trial as to the condition of the clothes immediately after the child was injured, and their condition at that time was an important fact that the prosecution had the undoubted right to show. The clothes themselves placed in evidence at the trial, even if they had been left unwashed, would not have been the best evidence, or any evidence, standing alone, of their condition immediately after the outrage.

5. The mother was asked, concerning her child, the following question: "Now, when you got here to the house, did she make any complaint about what had happened to her?" This question, and similar questions asked of two other witnesses, were permitted, against the objection of the defendant, to be answered, and the witnesses replied in each instance, in substance, that she did, but nothing further was stated as to what

she said.   The child herself was called as a witness, but, after inquiry, the court held that she was "too young, entirely, to administer an oath to," and therefore she did not testify.

It is now argued by appellant that evidence as to the complaints of an outraged woman is admitted only as corroborating or sustaining her testimony, and that when she does not appear as a witness, even the fact that she made complaint, however recently after the injury, is not admissible.   Many authorities are cited to sustain this position, but on examination they are found to relate, for the most part, to adults who were competent to testify, but were for some reason absent.   The few authorities that relate to children incompetent to testify, and other incompetents, seem to go no further than to exclude their declarations as to what occurred, leaving out the question as to whether the fact that complaint was made by them may be shown.   We think that the evidence that the child complained to her mother so soon after the injury is admissible, for the same reason that the fact of her crying was admissible. Taken in connection with her extreme youth, and the fact that she doubtless possessed no understanding of the sexual act, the fact of her complaining tended to show that she had been hurt and injured.   If she had not been hurt, not understanding the defendant's conduct, she probably would not have made any complaint.   The fact of her complaining after the criminal act was accomplished, and after the defendant had fled, is perhaps not admissible as a part of "the res gestæ of the crime," as that expression is usually understood and applied, but it may be treated rather as tending to show her physical condition at the time of the utterance of the complaint, just as groans or other evidences of pain and suffering are received in evidence to illustrate the condition when that condition is the subject of inquiry.   Of course, any narrative of the child as to what the defendant did would not be admissible.   In *People* v. *Barney*, 114 Cal. 554, the child assaulted was permitted to testify, but her testimony was subsequently stricken out, and the jury instructed to "totally disregard it," and yet it was held not error to permit the mother of the child to testify that "shortly after the date of the alleged offense" the child made complaint to her about the injuries she had received from the defendant.   We think this decision correct on principle, and it seems to support the position we here take.   The case of *People* v. *Graham*, 21 Cal. 261, is not out of line with this case,

for the reason that the substance of the child's statement appears in that case to have been given. The court says: "The decision of the court that the witness might testify to the statements made by the child as to the occurrences, and with regard to which the child had not testified, was erroneous." And again, in the same case: "It is impossible not to see that the effect of this answer, taken in connection with the immediately preceding testimony of the witness, was the same as if the witness had detailed what the child said."

6. That no physician was in attendance at the trial seems to have been due to the fact that no subpœna was served on one. The sheriff was not the only party that could serve a subpœna, and he having neglected to make service, the defendant, if he desired the presence of a physician at the trial, should have requested a continuance until he could procure the attendance of such physician as he might have subsequently subpœnaed. Not having done this, he has nothing to complain of.

7. On behalf of the defense, a witness named Cline testified that he went home with Aseltine, the father of the injured girl, after an ineffectual attempt had been made to take and keep the defendant in custody, on the same day of the alleged crime, and that he heard a conversation between Mr. and Mrs. Aseltine, in which the latter said she met her daughter coming out of the brush, and did not see defendant with her; that the husband asked if the child was hurt, and the wife replied that she did not think she was. In rebuttal, Aseltine and his wife were called by the prosecution, and against the objection of defendant that it was not proper rebuttal, and that they had testified before as to the matter, they were permitted to contradict the foregoing statements of Cline. We have examined their former testimony, and cannot find where they were then asked anything as to whether they made the specific declarations testified to by Cline. Of course, it was proper rebuttal for them to contradict Cline as to these declarations, for they conflicted with their original testimony.

We find no error in the record and advise that the judgment and order be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.