PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EDUARDO RODRÍGUEZ VIVES, Defendant and Appellant.

No. 5364. Argued February 15, 1934.—Decided February 24, 1934.

*José N. Valentín* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Eduardo Rodríguez Vives was prosecuted for the crime of robbery in the District Court of Aguadilla. After a trial by jury, he was found guilty and sentenced to eight years' imprisonment in the penitentiary.

The only error attributed to the lower court consists in its having permitted the defendant to go to trial without the assistance of counsel, in spite of the reiterated statement of insolvency by the defendant and of the fact that it was a felony case.

No transcript of the evidence has been sent up to this court. It is not shown that the defendant made repeated statements of insolvency. It does not appear, nor is it al-

leged, that he requested the appointment of counsel for his defense. The only time that the defendant declared himself to be insolvent was when the information was read to him. We copy below the only thing which the minutes of the arraignment show regarding the alleged insolvency of the defendant:

"MINUTES OF THE ARRAIGNMENT.—On this day, July 20, 1933, set for the reading of the information in this case, appeared The People of Puerto Rico represented by District Attorney José Luis Cancio, and the defendant in person and without counsel.

"Thereupon and in reply to the questions of the clerk, the defendant said that his name was Eduardo Rodríguez Vives, that that is his real name, that he is 36 years old, lives in Aguadilla, can read and write and is insolvent."

Section 141 of the Code of Criminal Procedure, as amended in 1905, has been carefully commented on and interpreted in the opinion of this court, written by Mr. Justice Wolf, in the case of *People* v. *Plata,* 36 P.R.R. 530. According to said section, if the defendant in cases involving life imprisonment has no counsel and is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him free of charge. In all other cases such appointment shall be discretionary with the court.

In the case of *People* v. *Plata, supra,* this court said in regard to the exercise of judicial discretion in cases of insolvency:

"It appears, as we have indicated, that the defendant at the opening of the trial asked the judge who presided to appoint counsel. The court thought that the moment of the trial was too late. We do not agree with the court. Where the defendant requests it and especially where all the indications are that the defendant is insolvent, then we think it is an abuse of discretion not to appoint a lawyer in an important case of felony, supposing, as we are now doing, that the appointment of counsel is entirely within the discretion of the court."

We presume, in the absence of evidence to the contrary, that the lower court fulfilled its duty of informing the de-

fendant of his right to be defended by counsel. *People* v. *Figueroa,* 134 Cal. 159, 66 Pac. 202. This is a duty which should be scrupulously observed, especially at the time of the arraignment, and it is to be expected that the courts, in prosecutions for felony, endeavor to make sure of whether or not the defendant is insolvent, so that in case he is, they may appoint counsel to defend him. We repeat what we have already said in the case of *People* v. *Plata, supra.* The fulfillment of this duty will offer no difficulty to the courts of justice. In every district there are attorneys who at the suggestion of the court would be glad to undertake the representation of an accused. Many a lawyer, of course, do not care to engage in criminal practice, but the situation is immediately changed when he is requested so to do by the court. "It is a matter of honor for the bar. Young lawyers especially are frequently glad of the opportunity to defend a case."

Since the appointment of a defender was not requested, and there is an absence of even the slightest evidence of the insolvency of the defendant, we must hold that the error assigned was not committed.

The judgment appealed from will be affirmed.