EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EDUARDO RODRÍGUEZ VIVES, acusado y apelante.

No. 5364.—*Sometido:* Febrero 15, 1934. *Resuelto:* Febrero 24, 1934.

*José N. Valentín,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Eduardo Rodríguez Vives fué acusado de un delito de robo en la Corte de Distrito de Aguadilla. Visto el caso ante un jurado, fué declarado culpable del delito que le fué imputado y sentenciado por la corte a sufrir la pena de ocho años de presidio.

El único error atribuído a la corte inferior consiste en haber permitido que el acusado compareciera a juicio sin asistencia de abogado, a pesar de la reiterada declaración de insolvencia de dicho acusado, y de tratarse de un delito grave.

No se ha elevado a este tribunal transcripción de evidencia alguna. No consta que el acusado hiciera reiteradas declaraciones de insolvencia. No aparece que solicitara, ni se alega que hubiese solicitado, el nombramiento de un

abogado para su defensa. En la única ocasión en que el acusado manifestó ser insolvente, fué cuando se le leyó la acusación. Copiamos a continuación lo único que con respecto a la alegada insolvencia del acusado aparece en el acta levantada cuando se leyó la acusación:

"ACTA DEL *Arraignment.*—Hoy, 20 de julio de 1933, día señalado para la lectura de la acusación en esta causa, comparecieron El Pueblo de Puerto Rico representado por su Fiscal Sr. José Luis Cancio y el acusado en persona y sin abogado.

"Acto seguido y a preguntas del secretario, el acusado dijo llamarse Eduardo Rodríguez Vives, que ése es su verdadero nombre, tiene 36 años de edad, vive en Aguadilla, sabe leer y escribir y es insolvente."

El artículo 141 del Código de Enjuiciamiento Criminal, enmendado en 1905, ha sido cuidadosamente comentado e interpretado en la opinión de este tribunal, escrita por el Juez Wolf, en el caso de *El Pueblo* v. *Plata,* 36 D.P.R. 590. De acuerdo con dicho artículo, cuando se trata de un caso que envuelva reclusión perpetua, si resultare que el acusado no tiene abogado y que su pobreza no le permite emplear defensor, el tribunal designará uno o más letrados para defenderlo gratuitamente. En todos los demás casos, quedará a la discreción del tribunal la designación de abogado.

En el caso de *El Pueblo* v. *Plata,* supra, dijo esta corte con respecto al ejercicio de la discreción judicial en casos de insolvencia:

"Aparece, tal como hemos indicado, que el acusado al comenzar el juicio solicitó del juez que presidía la corte que le nombrara un abogado. La corte creyó que la solicitud se había hecho demasiado tarde. No estamos de acuerdo con la corte. Cuando el acusado solicita que se le nombre abogado, y especialmente cuando todos los indicios son de que el acusado es insolvente, creemos que es un abuso de discreción no nombrársele en un caso importante de delito grave, suponiendo, como lo hacemos ahora, que el nombrar un abogado sea enteramente discrecional."

Presumimos, en ausencia de prueba en contrario, que la corte inferior cumplió con el deber de informar al acusado

acerca de sus derechos a ser defendido por un abogado. *People* v. *Figueroa,* 134 Cal. 159, 66 Pac. 202. Es este un deber que debe ser escrupulosamente observado, especialmente en el momento de darse lectura a la acusación y es de esperarse que los tribunales, en acusaciones por delito grave, procuren cerciorarse de si el acusado es insolvente o no, para, en caso afirmativo, nombrarle un abogado que se encargue de la defensa. Repetimos lo que ya dijimos en el caso de *El Pueblo* v. *Plata,* supra. El cumplimiento de este deber no ofrecerá dificultades a los tribunales de justicia. En todos los distritos hay abogados que gustosamente, a una indicación de la corte, se prestarán a tomar a su cargo la representación de un acusado. Es verdad que hay abogados a los cuales no agrada intervenir en asuntos criminales, pero la situación cambia de aspecto cuando la corte los llama al cumplimiento del deber. "Es una cuestión de honor para el foro. Los abogados jóvenes, especialmente, con frecuencia se alegran de tener la oportunidad de defender un caso."

No habiéndose solicitado nombramiento de defensor, y en ausencia del más leve átomo de prueba indicativo de la insolvencia del acusado, debemos declarar sin lugar el error apuntado y *confirmar la sentencia apelada.*