STATE OF CONNECTICUT *v.* OKE SEGERBERG.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 10, 1944—decided January 25, 1945.

*Thomas R. Robinson,* with whom was *David M. Reilly* and *Robert B. Vining,* for the appellant (defendant).

*Thomas C. Flood,* state's attorney, for the appellee (state).

ELLS, J. The defendant was charged in two counts with committing indecent assaults upon an eight-year-old girl. The state offered the child as a witness, but the trial court refused to allow her to testify because of her immaturity and lack of appreciation of the meaning and sanctity of an oath. Thereupon the state called as witnesses the child's mother, her step-father, a state policewoman and a state policeman, and they testified, against the objection of the defendant, to conversations they had had with the girl, in the absence of the defendant, in which she recited to them the details of the alleged assaults. The evidence was claimed by the state and admitted by the court solely on the ground that the child's complaints to these witnesses showed constancy of accusation. There was no evidence other than this which tended to establish that any of the criminal acts charged had in fact been committed by the defendant or any other person. The defendant was convicted, and in his appeal he has assigned as error the admission of the testimony of these witnesses.

The testimonial capacity of the child was a matter for the court to determine upon inquiry made by it. A sufficient intelligence and a proper appreciation of the obligation of an oath are the tests usually applied. The principle upon which the court's ruling should proceed is that the child shall be sufficiently mature to receive correct impressions by her senses, to recollect and narrate intelligently and to appreciate the

moral duty to tell the truth. *Kuczon* v. *Tomkievicz,* 100 Conn. 560, 570, 124 Atl. 226. Under the most liberal tests, the obligation of the oath and an intelligent comprehension of the facts sought to be developed remain a necessary part of the qualifications of a competent witness. *Ruocco* v. *Logiocco,* 104 Conn. 585, 590, 134 Atl. 73. The trial court's finding states that one of the reasons for the disqualification of the witness was her immaturity. This must be taken to mean that she did not have an intelligent comprehension of the facts sought to be developed and was not competent to recollect and narrate them intelligently. She was held not to be competent to tell her story in court, yet legal effect was given to it as told out of court. She could not be cross-examined. Her disqualification prevented the use by the trier of tests vital in determining the truth or falsity of the charges made. The court had no opportunity to observe her as she told her story, to pass on her credibility and to determine whether her story was her own and not a rehearsed statement. In cases of this character, the court itself often finds it necessary to take part in the examination in order to satisfy itself on certain essential points. This could not be done here.

It is manifest that, in attempting to support the admissibility of the testimony of these witnesses when the complainant had been held not competent to testify, the state carries a heavy burden, unless it be true that there is some applicable rule of law not yet enunciated in this state. The evidence in question was offered and admitted solely as tending to show constancy of accusation. Such testimony is admitted in certain types of cases, including indecent assault upon children, when the complainant first has testified, in court, to the facts of the alleged occurrence, in order to corroborate her testimony. *State* v. *Orlando,* 115

Conn. 672, 677, 163 Atl. 256. She is then permitted to state that she made complaint to some other person. Thereupon, the person to whom she complained, out of court and in the absence of the defendant, is permitted to testify not only to the fact that a complaint was made but also to its details. *State* v. *De Wolf,* 8 Conn. 92, 99; *State* v. *Kinney,* 44 Conn. 153, 155; *State* v. *Byrne,* 47 Conn. 465, 466; *State* v. *Orlando,* supra, 677.

The reason for this rule is stated in the first case cited, *State* v. *De Wolf:* "If a female testifies, that such an outrage has been committed on her person, an enquiry is, at once, suggested, why it was not communicated to her female friends. To satisfy such inquiry, it is reasonable that she should be heard in her declarations, that she did so communicate it, and that testimony should be received to confirm her story." In *State* v. *Kinney,* supra, at page 156 we said: "Why has the rule been adopted that in prosecutions for rape . . . the public prosecutor may show that the woman on whom the assault was made complained of it to her friends? It is simply because such a course would be natural if the crime had been committed, but very unnatural if it had not been. But her natural impulses would prompt her to tell all the details of the transaction. Why, on the same principle, ought not her statement of the details to be evidence?" In *State* v. *De Wolf,* supra, 99, we said that "such evidence is received to show *constancy* in the declarations of the witness." This statement was based upon declarations of the witness made in her testimony in court, and we went on to say that the testimony of witnesses to whom she complained was "received to confirm her story." In the later cases cited we said it was admitted to corroborate her testimony. It is manifest that the rule of "constancy of accusation" applies only when the complainant has testified.

This conclusion is confirmed by cases which construe General Statutes, § 5868, relating to bastardy proceedings, which provides in part: ". . . if such woman shall continue constant in her accusation, it shall be evidence that such accused person is the father of such child." In *Benton* v. *Starr,* 58 Conn. 285, 288, 20 Atl. 450, we said: "The declarations or accusations of the mother in such cases have never been considered by our courts as independent facts showing the fatherhood of the child, but as corroborative only of her testimony in court to the same effect." See also *Booth* v. *Hart,* 43 Conn. 480; *Robbins* v. *Smith,* 47 Conn. 182, 187.

The state and the trial court relied wholly on the theory of constancy of accusation. No good purpose will be served by repeating the unsavory details of the evidence offered by the witnesses. There was no evidence of violence or of physical injury to the person of the child. No claim that any of the child's utterances could be properly classified as res gestae was made at the trial or upon this appeal.

The state further claims in its brief that where, as in this case, the complainant is a child too young and immature to be a witness the statements of those to whom she has complained should be received. There are cases supporting this contention. See 6 Wigmore, Evidence (3d Ed.), p. 175, note 3; note, 2 A.L.R. 1523; 1 Wharton, Criminal Evidence (11th Ed.), p. 828. In general, they hold that witnesses may testify that complaint was made to them but may not relate the details of the complaint, and they base the decision directly or indirectly upon the holding that, under the facts of the case, the complaints were res gestae, or in the nature of spontaneous exclamations. In *People* v. *Figueroa,* 134 Cal. 159, 162, 66 Pac. 202, the court said that the evidence "is perhaps not ad-

missible as a part of 'the *res gestae* of the crime,' as that expression is usually understood and applied, but it may be treated rather as tending to show her physical condition at the time of the utterance of the complaint." There are no facts in the present case which would justify such a conclusion.

The opposing view is succinctly stated in *State* v. *Rothi*, 152 Minn. 73, 77, 188 N.W. 50, 52: "We think it dangerous and at variance with our criminal procedure to admit in evidence, as substantive proof of a crime, the declarations and statements obtained from a child so immature or imbecile of mind that she cannot be placed on the witness stand." In *Hornbeck* v. *State*, 35 Ohio St. 277, 280, after a review of the authorities, it was held that "the fact that the declarant is incapable of taking an oath, by reason of imbecility, insanity or infancy, will not justify a departure from the long and firmly-established rule of evidence on the subject." The decision was discussed and followed in *State* v. *Meyers*, 46 Neb. 152, 64 N.W. 697. See also *Weldon* v. *State*, 32 Ind. 81; *People* v. *McGee*, 1 Denio (N.Y.) 19, 24.

The state's claim, baldly stated, is that necessity requires that the evidence be admitted, for otherwise a conviction could not be obtained. It must be admitted that the argument has some persuasive force, and that a contrary holding may result in impossibility of conviction in a few cases. The fact that the situation has never before been presented to this court for adjudication indicates that a miscarriage of justice will seldom result. A flaw in the state's argument of necessity is that it is based on an assumption of guilt. The law will not proceed on such an assumption. It is fundamental that the state must prove its charge by proper evidence. Its inability to produce it cannot throw the door open to the receipt of improper evi-

dence; otherwise, the proof of such offenses would be possible without the confrontation of witnesses and without the safeguards of cross-examination, proceedings which have ever been a cornerstone of our civil liberties.

The court erred in admitting the testimony objected to. This conclusion makes it unnecessary to discuss the remaining assignments of error. The state concedes that the defendant could not have been convicted without the evidence in question, and that if it was wrongly admitted judgment should be ordered discharging the defendant.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to discharge the defendant.

In this opinion the other judges concurred.