STATE, Plaintiff-Appellee, v. TREAT, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

Nos. 6973, 6999. Decided October 11, 1948.

Carson Hoy, Pros. Atty., Thomas Stueve, Asst. Pros. Atty., Cincinnati, for plaintiff-appellee.

Harry M. Wasserman, John L. Daley, Cincinnati, for defendant-appellant.

## OPINION

By HILDEBRANT, J.:

In the Court of Common Pleas, without a jury, defendant-appellant was convicted of taking indecent liberties with a six year old girl, and acquitted on a second count for indecent exposure.

On being offered as a witness, the court determined that the child was not qualified to be a witness.

Over objection, the girl's mother was permitted to testify that on Tuesday night, which was two days after the date of the alleged offense as charged in the indictment, the little girl told her that she was afraid of the defendant because he had hurt her on Sunday, and in substance that the defendant had exposed his person in her presence.

Also, over objection, a fourteen year old girl was permitted to testify, without fixing the time, that the little girl had told her the defendant was a nasty person.

The principal error claimed is that the above testimony is incompetent as hearsay and not a part of the res gestae.

From the meagre narrative bill of exceptions, it appears that on Sunday, the date of the alleged offense, on being returned to her home from an automobile excursion into the country with defendant and her younger brother, the little girl made no complaint, nor was there anything about her actions or demeanor to indicate anything unusual had happened to her on that day, although the defendant remained with the family for sometime thereafter. The same is true on the next night when the defendant was present with the whole family for a considerable time. It was not until the next

night that the statement admitted in evidence, through the mother's testimony, was made, which resulted in an examination of the child at a hospital and subsequent prosecution of the defendant.

The doctor who examined the child found a superficial condition of her anatomy to exist and stated he was unable to give the cause thereof, that the condition could be the result of various causes, including a propensity for a child of that age to create the condition herself.

So from this record there is no evidence of the corpus delicti, nor to connect the defendant therewith, except the inexplicit statement of the child admitted through the medium of the testimony of the mother.

Since there were two earlier opportunities to speak, the statement of Tuesday night cannot be considered competent as part of the res gestae, as was the case in **State v. Lasecki, 90 Oh St. 10.** Commenting on the Ohio statute followed by the Court in this case in its determination that the child here was not competent to testify, it is stated in **42 O. Jur., p. 118:**

"The statute cannot be circumvented by permitting another witness to testify to declarations made to him by a child who was too young, under the statute, to be a witness, although the utterance or exclamation of a child too young to be competent as a witness, which was made immediately after the transaction, is competent as a part of the res gestae."

The statement being offered through the mother as evidence in chief falls within the rule set forth in **Dunn v. State, 45 Oh St, 249,** wherein it is stated in the second paragraph of the syllabus:

"Such declarations are not admissible as evidence in chief to prove the commission of the offense, but only to corroborate the testimony of the injured person given in court."

It was held in **Hornbeck v. State, 35 Oh St, 277,** in the first paragraph of the syllabus:

"On the trial of an indictment for assault, with intent to commit a rape, on the person of a female, who, by reason of being an imbecile, was incompetent to be sworn as a wit-

ness, the declarations of such female, made shortly after the assault, are incompetent to prove the commission of the offense."

In State of Connecticut v. Segerberg, 131 Conn., 546, 41 A (2d) 101, as reported in 157 A. L. R. at page 1355, it is stated:

"On the trial of a charge of indecent assaults upon an eight-year old-child deemed too immature to testify, the rule of 'constancy of accusation' does not warrant the reception of the testimony of others as to conversations with the child, not a part of the res gestae, in which she recited the details of the alleged assaults, such rule being applicable only when the complainant has testified."

We, therefore, conclude that the admission of the testimony in the manner here was error, prejudicial to the defendant, and there being no evidence of the corpus delicti, nor of defendant's connection therewith otherwise appearing in the record, the court should have dismissed the defendant at the conclusion of the State's case.

The judgment is reversed, with instructions to dismiss the defendant.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.