STATE OF CONNECTICUT *v.* ALFRED J. BARKAL
(4403)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued May 9—decision released July 29, 1986

*Vincent W. Oswecki, Jr.,* for the appellant (defendant).

*Patrick A. Cosgrove,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant takes this appeal from the judgment rendered after he was convicted by the court of two counts of sexual assault in the second degree, a violation of General Statutes § 53a-71 (a) (1),

and two counts of risk of injury to a minor, a violation of General Statutes § 53-21.

The defendant claims that the trial court (1) found against the weight of the evidence that the defendant was guilty beyond a reasonable doubt on all four counts, (2) found the defendant guilty on the basis of insufficient evidence, (3) erroneously denied the defendant's motion for a psychiatric examination of the victim, (4) erroneously found the minor victim competent to testify, and (5) erroneously excluded testimony by the defendant's mother of an alleged extortion attempt.

The defendant, an adult male, runs a nursery business and a golf driving range on his family farm located in Windsor. The victim, a twelve year old boy, and his older brother were spending the fourth of July weekend on the farm. The trial court found that while the victim and the defendant were alone in a room in the farm house, the defendant, at about 1 a.m. on July 4, 1984, performed fellatio upon the victim. Further, the court found that shortly after 2 p.m., on the same day, the defendant again performed fellatio upon the victim. The trial court, having found that the acts were committed, concluded that all the elements constituting the crimes of sexual assault in the second degree and risk of injury to a minor had been met in each of the separate incidents and found the defendant guilty as charged. The court found the minor victim to be a "refreshingly honest boy" and doubted the credibility of certain witnesses for the defense. The court viewed the premises and concluded that "ample time and [an] area protected from view existed for the [second] criminal act to occur."

The defendant's first and second claims of error essentially raise the same issue, i.e., the sufficiency of the evidence to support a finding of guilty on all four counts of the information. We have the benefit of the

trial court's memorandum of decision in which the court has provided express and explicit findings of fact that serve not only to support its legal conclusions but also to negate the defendant's first two claims of error. Our review of the evidence in this case fully supports the findings made by the court. The test to be applied in determining whether the evidence is sufficient to sustain a finding of guilty by a trial court has been enunciated by our Supreme Court when it stated: " ' " '[T]he issue is whether the [trier] could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt . . . . ' " ' " *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983), quoting *State* v. *Haddad,* 189 Conn. 383, 387, 456 A.2d 316 (1983). The evidence which is presented at the trial must be given a construction most favorable to sustaining the finding of the trial court as the finder of fact. Id. We hold that the trial court had before it ample evidence to find the defendant guilty on all four counts of the information.

The defendant's third and fourth claims of error are also without merit. The trial court was not bound to order a mental examination to determine the victim's competency to testify merely because counsel for the defense requested that it be done, nor did the court improperly exercise its discretion in finding that the minor victim was competent to testify. The competency of a witness is a matter peculiarly within the discretion of the trial court and its ruling will be disturbed only in a clear case of abuse or of some error in law. *State* v. *Manning,* 162 Conn. 112, 115–16, 291 A.2d 750 (1971); *State* v. *Orlando,* 115 Conn. 672, 675, 163 A. 256 (1932); see *State* v. *Vars,* 154 Conn. 255, 268, 224 A.2d 744 (1966). The testimonial capacity of a child witness is a matter for the court to determine upon inquiry.

*State* v. *Segeberg,* 131 Conn. 546, 547, 41 A.2d 101 (1945). In determining the competency of a minor to testify, the trial court must consider the witness' (1) maturity to receive correct impressions by his senses, (2) ability to recollect and narrate events intelligently, (3) ability to appreciate the moral duty to tell the truth, and (4) ability to comprehend the facts sought to be developed. *State* v. *Brigandi,* 186 Conn. 521, 534–35, 442 A.2d 927 (1982).

Our analysis of the record discloses that the trial court properly applied these principles when it ruled on the minor witness' competency to testify. Not only did the trial court conduct an examination of the witness, it allowed the defendant to question the witness relative to his competency. There has been no showing that the court abused its discretion in denying the defendant's request that the victim undergo a psychiatric examination or in its finding that the victim was competent to testify.

The defendant's final claim of error relating to the trial court's evidentiary ruling also fails. In an effort to establish a motive for the victim to lie, the defendant offered the testimony of his mother concerning an alleged extortion attempt relating to the sexual assault charges. The testimony was ruled to be hearsay and was excluded. Even if it were error to exclude the testimony because it was not offered for the truth of the matters contained therein, but was offered in an effort to establish motive, such exclusion would be harmless error. The case was being tried to the court. The court in its memorandum of decision found the child witness to be highly credible. There was no connection established in the evidence between the child and the third party whose statement was offered to indicate that the child would fabricate the story for the benefit of the third party. Such a scenario is speculation at its worst. Trials deal with facts and with inferences logically and

rationally drawn therefrom. The quest for truth is ill served when the court is asked to engage in speculation.

We find no error in this case, particularly when we are presented, as we have been here, with the trial court's meticulously drawn memorandum of decision which is completely supported by the evidence and is in accordance with the law.

There is no error.

In this opinion the other judges concurred.