[Crim. No. 6891.   Second Dist., Div. Three.   May 25, 1960.]

THE PEOPLE, Respondent, v. HARLEY EDWARD WADE, Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), Fred T. Kilbride and Richard W. Erskine, Deputy Public Defenders, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David R. Cadwell, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appeal from a judgment and order denying motion for a new trial.

In a jury trial Harley Wade was convicted of violation of section 288 of the Penal Code. The victim was a 4-year-old female child. The acts constituting the offense were committed in a public park in plain view of two women who called the police after observing defendant's actions for at least a half hour. Although the child was not physically injured in any manner the actions of defendant as described by the witnesses who had observed them were in violation of section 288.

The sufficiency of the evidence to justify the verdict is not questioned. The sole ground of the appeal is a claim of error in the admission, over objection, of the testimony of the child's mother that the child made a complaint to her. Because of her youth the child was not called as a witness.

It is a general rule that evidence of a complaint made is inadmissible under the hearsay rule unless the alleged victim has testified to the acts which occasioned the complaint. But it has long been settled in this jurisdiction that the rule

is inapplicable when the victim is too young to be a competent witness. Counsel for appellant are well informed of the decisions of our courts of review on this point. They cite a number of those decisions: *People* v. *Figueroa,* 134 Cal. 159 [66 P. 202] ; *People* v. *Barney,* 114 Cal. 554 [47 P. 41] ; *People* v. *Bianchino,* 5 Cal.App. 633 [91 P. 112] ; *People* v. *Guiterez,* 126 Cal.App. 526 [14 P.2d 838].

It is pointed out by appellant that in each of these cases the child who made the complaint had sustained some physical injury and it is claimed that the reasons for allowing proof of a complaint where injury has occurred do not exist when there has been no injury, as in the present case. There is, in our opinion, no valid basis for this distinction.

The fact that a complaint was promptly made is merely a circumstance tending to prove that some occurrence had taken place which gave rise to the complaint, since it is more probable that there was a reason for the complaint than that it was an unfounded fabrication. For that reason the fact that a complaint was made promptly after the occurrence may be proved (*People* v. *Snyder,* 75 Cal. 323 [17 P. 208]), whereas one made after delay and reflection may not be (*People* v. *Lambert,* 120 Cal. 170 [52 P. 307]). But there is no reason for excluding proof of the complaint merely because there has been no physical injury. Any unusual experience, especially one that was startling, could cause an impressionable child to run to its mother with an account of what had happened. The fact that a complaint was made, standing alone would be without significance. It could only be given meaning by other evidence which tended to prove a reason for the complaint. In the present case there was evidence, even testimony by defendant, that the child repeatedly attempted to run away from defendant and was brought back against her will, and also evidence of other acts of defendant which were startling, to say the least. However, the evidence that the child made a complaint to her mother was admissible without inquiry whether it was made for a good or for an insufficient reason.

The judgment and order denying motion for a new trial are affirmed.

Vallée, J., and Ford, J., concurred.