[Crim. No. 9681. Fourth Dist., Div. Two. May 8, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
VINCENT ORDUNO, Defendant and Appellant.

**COUNSEL**

Cohen, Stokke, Owen & Davis, Allan H. Stokke and Robison D. Harley, Jr., for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GARDNER, P. J.**— In this case we hold that in a prosecution under Penal Code section 288 hearsay statements of a child too young to testify may be admitted into evidence if they come within the category of spontaneous declarations or recent complaints. We also hold that the admission of such evidence does not violate defendant's constitutional right to confrontation.

Charged with child molestation (Pen. Code, § 288), defendant waived jury trial and submitted the matter for decision on the preliminary hearing transcript and portions of a police report. Defendant was found guilty as charged and was found not to be a mentally disordered sex offender. He was granted probation on condition he serve 120 days in county jail.

The victim of the offense was a child of three years nicknamed Scooter. On November 8, 1976, Scooter left her mother's apartment at 3:30 p.m. wearing only panties. Together with three young boys who lived in the area, Scooter entered defendant's apartment where the children watched cartoons on television. Defendant called the children into the bedroom and gave them each licorice. He told the three boys to leave. At about 3:35 p.m., Scooter's mother went to look for her. She saw Scooter running

from the direction of defendant's apartment with licorice in her hand. Scooter was crying and said something the mother did not understand. The mother asked the child if she had wet her pants. The child said, "No. That man got my pants wet." The mother asked, "What man?" and the child pointed to defendant's apartment. The mother took Scooter home and, under further questioning, the child said, "That man stuck his pee pee in my bummy." Scooter had been taught to use "pee pee" for her vaginal area and "bummy" for her anal area.

Spermatozoa was found on the child's skin in the vaginal area and on the panties. Defendant admitted in a police interview that he took the child on his lap and that ejaculation followed, but maintained that it was an accident, that he had not removed the child's panties, and that his own pants had a broken zipper.

At the preliminary hearing the victim was called as a witness but was found to be incompetent to testify because of her age. Thereafter the mother testified, over defendant's objections, to the child's statements following the incident.

## DISCUSSION

### I.

*The hearsay statements of a child too young to testify are admissible if they are spontaneous declarations or recent complaints.*

Hearsay statements of a child too young to testify were ruled admissible under circumstances similar to the case at bench in *People* v. *Butler,* 249 Cal.App.2d 799 [57 Cal.Rptr. 798]. In *Butler,* the defendant who was convicted of child molestation (Pen. Code, § 288) and oral copulation (Pen. Code, § 288a), invited a group of children into his bedroom. The victim was a 10-year old boy who testified at trial. A five-year old girl who witnessed the offenses, and who did not testify, stated immediately after leaving defendant's residence that defendant was "playing nasties" with some children. The court held that evidence of this statement was properly admitted over defense objections as a spontaneous declaration. The court expressly held that where a child's statement met the requirements for the excited utterance exception to the hearsay rule, the fact that the child was too young to testify did not bar admissibility of the statement. (*People* v. *Butler, supra,* 249 Cal.App.2d at pp. 806-807.)

Defendant contends, in effect, that *Butler* was wrongly decided and is inconsistent with certain prior decisions.

Preliminarily, we note that while there is a split in authority in other jurisdictions, the majority admit evidence of spontaneous declarations by children too young to testify. (See Annot., Declarant's Age as Affecting Admissibility as Res Gestae, 83 A.L.R.2d 1368, 1385-1392, 1398-1399.) A leading authority on the law of evidence also favors admissibility of such evidence. (6 Wigmore, Evidence (Chadbourn rev. 1976) § 1751(c)(1), p. 223, § 1761, p. 246.)

Examination of the older cases upon which defendant relies reveals that they deal primarily with the "recent complaint" theory of admissibility rather than the "excited utterance" or "spontaneous statement" theory. According to the "recent complaint" theory, when a woman victim testified that she was raped by the defendant, the prosecution is permitted to introduce evidence that the woman complained of the crime soon after its commission. It is said that this evidence is not offered for the truth of the matter asserted, but only to show that the woman's conduct was consistent with her trial testimony. Under this theory only the fact of the complaint, and not the details of the statement, may be admitted. (See generally, *People* v. *Hubbell,* 54 Cal.App.2d 49, 63-66 [128 P.2d 579]; Annot., 157 A.L.R. 1359.)

Defendant relies first on *People* v. *Graham,* 21 Cal. 261. There the alleged victim of an assault with intent to commit rape was six years of age. She was called as a witness and found to be competent, but began to cry and left the witness stand without testifying. The child's mother then testified to the child's statements shortly after the alleged offense. The Supreme Court reversed, apparently on the ground that under the complaint theory only the fact of complaint, and not the nature of the complaint is admissible. The case is not in point for two reasons, the child was found competent to testify and the excited utterance hearsay exception was not discussed.

In *People* v. *Figueroa,* 134 Cal. 159 [66 P. 202], the defendant was convicted of raping a six-year old child. The victim was called as a witness but found to be incompetent. The mother was asked if the child complained about what had happened to her, and the mother answered that she had. The opinion does not indicate how long after the offense the complaint was made. Affirming the conviction, the court stated: "We

think that the evidence that the child complained to her mother so soon after the injury is admissible, for the same reason that the fact of her crying was admissible. Taken in connection with her extreme youth, and the fact that she doubtless possessed no understanding of the sexual act, the fact of her complaining tended to show that she had been hurt and injured. If she had not been hurt, not understanding the defendant's conduct, she probably would not have made any complaint. The fact of her complaining after the criminal act was accomplished, and after the defendant had fled, is perhaps not admissible as a part of 'the res gestae[1] of the crime,' as that expression is usually understood and applied, but it may be treated rather as tending to show her physical condition at the time of the utterance of the complaint, just as groans or other evidences of pain and suffering are received in evidence to illustrate the condition when that condition is the subject of inquiry. Of course, any narrative of the child as to what the defendant did would not be admissible." (*People v. Figueroa, supra,* 134 Cal. 159, 162; see also *People v. Wade,* 181 Cal.App.2d 314, 315-316 [5 Cal.Rptr. 63].)

In *People v. Ewing,* 71 Cal.App. 138 [234 P. 917], the defendant was convicted of molesting a six-year old girl. Testifying at the trial, the child's mother was permitted to relate what the child said defendant had done to her. The child made these statements after the mother had spanked the child. The court ruled that the evidence should have been excluded since "the original statement made to the mother was one not in the nature of a complaint . . . ." (*People v. Ewing, supra,* 71 Cal.App. at p. 143.)

In *People v. Guiterez,* 126 Cal.App. 526 [14 P.2d 838], defendant was convicted of molesting a five-year old child. At the trial the victim was found to be incompetent to testify. The child's mother testified to the child's statements concerning defendant's conduct. The court held that portions of the child's testimony were admissible as a complaint, while other portions were objectionable hearsay but the error was waived because no proper objection was taken.

---

[1]Older practitioners will remember the popularity of the phrase "res gestae." As Witkin says, (Witkin, Cal. Evidence (2d ed. 1966) p. 517), "The early cases used the phrase 'declarations part of the res gestae' loosely to describe several sorts of admissible hearsay and nonhearsay statements including verbal acts and excited or spontaneous utterances." However, the new Evidence Code, modern writers and modern courts have abandoned the use of this rather ill-defined phrase. Res gestae has now gone the way of the great auk, the passenger pigeon and high button shoes. It was, in its time, a handy gadget. When an attorney could think of no other reason for the introduction of hearsay, he would simply utter the magic words "res gestae" and, often as not, get the testimony in.

Finally, in *People* v. *O'Donnell,* 11 Cal.2d 666 [81 P.2d 938] (overruled on another point, *People* v. *Friend,* 50 Cal.2d 570, 577 [327 P.2d 97]), the defendant was convicted of molesting and raping a three-year old girl. The girl's mother had left the child with defendant. On her return one-half hour later she found the child in the bathroom crying and bleeding between the legs. The defendant was in the living room with his eyes closed as if sleeping. The mother questioned the child, who related what defendant had done. The court held it was error to allow the mother to testify to the child's statement. The court remarked that the statement "was not a part of the *res gestae* but a declaration of a past event." (*People* v. *O'Donnell, supra,* 11 Cal.2d at p. 670.) However, the court found the error harmless and affirmed the conviction. The court did not comment on the child's age as affecting the admissibility of her hearsay statement.

From the cases cited above we distill the following principles:

(1) Evidence that a child, too young to testify, *complained* of the defendant's conduct is admissible. (*People* v. *Figueroa, supra,* 134 Cal. 159.) If admitted under this theory, only the fact of complaint is admissible, not the details of the child's statement. The statement must be made under circumstances indicating it was a complaint, and not simply a response to questioning. The complaint is admissible to show the mental condition of the child, and not as proof of the matter asserted.

(2) Evidence of a *spontaneous declaration* is not inadmissible simply because the declarant was too young to testify. Although *Butler* is apparently the only case to so hold, none of the other cases cast any doubt on this narrow proposition, and we are persuaded that *Butler* is sound. Of course, the requirements of the spontaneous declaration exception to the hearsay rule (Evid. Code, § 1240) must be met.

▮ Applying these principles to the case at bench, we are satisfied that the victim did *complain* to her mother of defendant's conduct. Moreover, we are satisfied that the child's statements were admissible as *spontaneous declarations.* The child's statement that "the man wet my pants" and her act of pointing to defendant's apartment occurred immediately after the child left the apartment and while the child was obviously in a state of excitement.

The trial court found that the excitement of the incident continued through the statements made to the mother in the mother's apartment. This finding is supported by substantial evidence. ▮ Statements to be

admissible as spontaneous utterances need not be made precisely at the same time as the occurrences to which they relate. The basis for the circumstantial probability of trustworthiness is, according to Wigmore, "that in the stress of nervous excitement the reflective faculties may be stilled and the utterance may become the unreflecting and sincere expression of one's actual impressions and belief." (6 Wigmore, Evidence (Chadbourn rev. 1976) § 1749, p. 199.) To render these utterances admissible, it is necessary that (1) there be some occurrence startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting; (2) the utterance must have been made before there was any time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance; and (3) the utterance must relate to the circumstance of the occurrence preceding it. (6 Wigmore, Evidence (Chadbourn rev. 1976) § 1750, pp. 202-203, 222.)

Thus, the child's further statement to her mother that "that man stuck his pee pee in my bummy" was made while the excitement of the incident still dominated her thinking. We find the court's ruling in regard to this statement to be reasonable, to be a sound exercise in discretion and to be based on substantial evidence.

## II

*The admission into evidence of the spontaneous declarations of recent complaints of a child too young to testify do not violate a defendant's constitutional right to confront his accusers.*

For many years it was assumed that admitting hearsay evidence under a long-established exception to the hearsay rule could not violate the confrontation clause of the Sixth Amendment. (See generally, 5 Wigmore, Evidence (Chadbourn rev. 1974) § 1397, pp. 155-162.) However, in *Pointer* v. *Texas,* 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065], the United States Supreme Court held that evidence admitted under the prior testimony exception to the hearsay rule violated the confrontation clause where the defendant had no effective opportunity to cross-examine the declarant at the prior hearing. Then in *California* v. *Green,* 399 U.S. 149 [26 L.Ed.2d 489, 90 S.Ct. 1930], the court held that introduction of hearsay statements did not violate the confrontation clause where the hearsay declarant testified at the trial and could be fully cross-examined concerning the hearsay statements. In the course of the opinion, the court stated: "While it may readily be conceded that hearsay rules and the

Confrontation Clause are generally designed to protect similar values, it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exceptions as they existed historically at common law. Our decisions have never established such a congruence; indeed, we have more than once found a violation of confrontation values even though the statements in issue were admitted under an arguably recognized hearsay exception. [Citations.] The converse is equally true: merely because evidence is admitted in violation of a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied." (*California* v. *Green,· supra,* at pp. 155-156 [26 L.Ed.2d at pp. 495-496]; See *People* v. *Pinn,* 17 Cal.App.3d 99, 107 [94 Cal.Rptr. 741].)

The most recent decision of the high court in this area is *Dutton* v. *Evans,* 400 U.S. 74 [27 L.Ed.2d 213, 91 S.Ct. 210]. There the issue was whether admission of a coconspirator's extrajudicial statement violated the confrontation clause where the coconspirator could not be cross-examined at trial. The court held, five to four, that there was no·violation of the confrontation clause. Four justices joined in a plurality opinion which considered four factors in deciding the issue presented: (1) whether the hearsay statement contained an express assertion about past fact, (2) whether the declarant's personal knowledge about the subject of his statement was established by independent evidence; (3) whether there was a substantial possibility of faulty recollection; and (4) whether the statement was made under circumstances indicative of reliability. (*Dutton, supra,* at pp. 88-89 [27 L.Ed.2d at pp. 226-227].)

In the wake of these decisions some courts have analyzed confrontation issues by asking whether a particular hearsay exception violates the confrontation clause. (E.g., *People* v. *Brawley,* 1 Cal.3d 277, 288-291 [82 Cal.Rptr. 161, 461 P.2d 361].) Other courts have asked whether, under the ·circumstances of the particular case, the right was violated. (E.g., *People* v. *Aguilar,* 16 Cal.App.3d 1001, 1005 [94 Cal.Rptr. 492].)

With regard to the hearsay exception for spontaneous declarations, we have found no California case considering whether this exception is consistent with the confrontation clause. The issue has not been squarely addressed by the United States Supreme Court, although the plurality opinion in *Dutton* does note that spontaneity is a recognized indicia of reliability and therefore weighs against a finding of constitutional violation.

There is abundant authority in other jurisdictions that admission of hearsay statements as spontaneous declarations does not violate the confrontation clause. (*McLaughlin* v. *Vinzant* (1st Cir. 1975) 522 F.2d 448, 450-451; *Shaffer* v. *Field* (9th Cir. 1973) 484 F.2d 1196, 1197; *Brown* v. *Parratt* (D.Neb. 1975) 406 F.Supp. 1357, 1360-1361; *State* v. *Bray* (1970) 106 Ariz. 185 [472 P.2d 54, 57]; *People* v. *Kelley* (1971) 32 Mich.App. 126 [188 N.W.2d 654, 660-665].) To our knowledge, the only case to the contrary is *State* v. *Lunn* (1971) 82 N.M. 526 [484 P.2d 368], where admission of a spontaneous declaration was found to violate the confrontation clause under the four-part *Dutton* test. The court was careful to limit its holding to the facts before it, however.

In the case at bench, we are satisfied that defendant's right to confrontation was not violated by admission of Scooter's statement to her mother. There was independent evidence that Scooter was in defendant's apartment with defendant, and these statements were unquestionably spontaneous and uttered immediately after leaving the apartment. The child obviously had first-hand knowledge concerning what was done to her.

III.

The above constitutes the only issues presented in this case which have precedential value and thus qualify for publication under rule 976, California Rules of Court.

The other issues presented are:

■ (1) Defendant contends that the submission on the transcript was in violation of the rules set forth in *Bunnell* v. *Superior Court,* 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]. We agree that *Bunnell* error occurred. However, we do not find that error to be prejudicial.

In *Bunnell,* the court held that in all cases in which a defendant submits on the transcript, whether by way of slow plea or otherwise, the record should reflect that he has been advised of his right to a jury trial, to confrontation and cross-examination and against self-incrimination. The record should also demonstrate that he understands the nature of the charges and the direct consequences of conviction.

Here, the record reveals that the defendant made an express waiver of the right to a jury but was not expressly informed of his right to confront

and cross-examine witnesses, the right to present evidence in his own behalf or the privilege against self-incrimination. There was no express waiver of those rights. Defendant was not advised on the record of the nature of the charge or the direct consequences of conviction.

*Bunnell* made it clear that the rule promulgated in that case was not constitutionally mandated. *Bunnell* is simply a judicially adopted rule to simplify appellate review of submission on transcripts. For appellate convenience, the distinction was abandoned between slow pleas and submission on transcripts in which the issue of guilt or innocence was contested. Nevertheless, for purposes other than appellate convenience the distinctions still exist. Since a slow plea is a plea of guilty, full *Tahl* admonitions and waivers must be secured. Any error in this respect is an error of constitutional proportions. (*In re Mosley,* 1 Cal.3d 913, 926-927 [83 Cal.Rptr. 809, 464 P.2d 473].) However, if the submission is a matter of trial convenience only and the issue of guilt or innocence is still contested, a violation of the tenets of *Bunnell* is to be tested by *Watson* standards. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].) That test is whether it is reasonably probable that a result more favorable to the appellant would have been reached in the absence of the error.

Here, the submission was plainly not tantamount to a plea of guilty. Counsel argued vigorously (and still does) that the evidence was insufficient to support the finding of guilt.

Thus, we test this record to determine whether the defendant actually was prejudiced by the procedure used.

Although the defendant did not specifically waive his right to confrontation and cross-examination, he did understand that the only evidence which would be presented would be that in the preliminary transcript, plus portions of the police report. Thus, in effect, he waived his right to confrontation and cross-examination.

Since this was in no way a slow plea, defendant was giving up no rights against self-incrimination.

Again, although the court did not specifically advise him at the time of the submission as to the nature of the charges against him, it may certainly be inferred from the fact that he had been served with a copy of the information, had gone through a preliminary examination and was represented by able counsel, that he was aware of the nature of the

charges against him. To say that he did not understand the nature of the charges against him would be to indulge in pure sophistry.

Also, since his attorney did advise the court that he would contest his guilt in argument, it was obviously not necessary to advise the defendant of the probability that the submission would result in a conviction since he hoped that it would not.

Finally, since he actively contested his guilt, there was no real necessity to advise him as to the possible range of punishment.

This case is strikingly similar to *People* v. *Ingram,* 60 Cal.App.3d 722 [131 Cal.Rptr. 752], in which the submission was not tantamount to a plea of guilty. Therefore, the court noted that advice on the privilege against self-incrimination and the range of possible punishments could not have affected the defendant's decision to submit on the transcript. The fact that in *Ingram* the defendant testified and in this case the defendant saw fit not to do so, we do not find a distinguishing feature. In neither case was there a slow plea. In each case guilt or innocence was vigorously contested. Thus, while we find *Bunnell* error, we conclude that the absence of the required advisements did not produce a miscarriage of justice. We do not find it reasonably probable that a result more favorable to the appellant would have been reached in the absence of the errors complained of. (Cal. Const., art. VI, § 13.) Insofar as any of the admonitions are constitutionally mandated, we would find beyond a reasonable doubt that the absence of the required advisements did not produce a miscarriage of justice. (*Chapman* v. *California,* 386 U.S. 18 (17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065, reh. den. 386 U.S. 987 [18 L.Ed.2d 241, 87 S.Ct. 1283].)

■ (2) Defendant also contends that there was insufficient evidence to bind him over for trial. This contention lacks merit.

At a preliminary hearing, the magistrate must decide only whether there is "sufficient cause" to believe the defendant guilty of a probable offense. That phrase is generally equivalent to "reasonable and probable cause" which has been defined as such a state of facts as would lead a man of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused. (Pen. Code, §§ 871, 872; *People* v. *Uhlemann,* 9 Cal.3d 662, 667 [108 Cal.Rptr. 657, 511 P.2d 609].)

Here, the transcript of the preliminary examination reflects that a child of three years left her mother's apartment and was found five minutes later with spermatozoa in her pants and vaginal area. Manifestly, this was sufficient evidence to raise a strong suspicion that an offense had been committed. A boy, five years of age, found competent to testify, stated that during that five-minute period, the girl was in defendant's apartment with defendant and that no other adults were present. This was sufficient evidence to raise a strong suspicion that the defendant was guilty of the offense.

(3) Defendant's last contention is that the evidence does not prove him guilty beyond a reasonable doubt. In this respect, he sets forth facts in a manner suggesting that he accidentally ejaculated on the child thereby lacking a specific intent. This contention is without merit.

It is not the function of a reviewing court to decide whether evidence is sufficient to prove guilt beyond a reasonable doubt. (*People* v. *Mosher,* 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659].) Substantial evidence only is required. Here, in addition to the child's reaction and the medical testimony, the defendant admitted holding the child on his lap and ejaculating. The specific intent to violate Penal Code section 288 is shown by these facts which facts fit the substantial evidence rule which rule hopefully need not be repeated.

Judgment affirmed.

Tamura, J., and McDaniel, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 5, 1978.