[Civ. No. 23301. Third Dist. Mar. 8, 1985.]

IN RE DAMON H., a Person Coming Under the Juvenile Law.
THE PEOPLE, Plaintiff and Respondent, v.
DAMON H., Defendant and Appellant.

---

**COUNSEL**

Lazard & Lanfranco, Ridgely Lazard and James R. Lee for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and W. Scott Thorpe, Deputy Attorney General, for Plaintiff and Respondent.

---

**OPINION**

**ROBIE, J.**\*—This appeal raises the dual issues of the admissibility of an out-of-court statement of a young child victim of sexual molestation under

---

\*Assigned by the Chairperson of the Judicial Council.

the spontaneous declaration exception to the hearsay rule and whether such admission violates the constitutional right of confrontation.

The juvenile court sustained a petition (Welf. & Inst. Code, § 602) alleging that on June 9, 1983, 14-year-old Damon H. violated Penal Code sections 286, subdivision (c) (sodomy with a person under 14 years of age and more than 10 years younger than he), and 288, subdivision (a) (lewd and lascivious act on child under 14 years of age). The court declared the minor a ward and placed him in a group home. On appeal, the minor contends the court erred by permitting the victim's mother to testify that the victim told her, "Damon put his weenie in my butt." As we conclude the juvenile court properly admitted this evidence, we shall affirm the order.

## BACKGROUND

At the jurisdictional hearing on July 7, 1983, it was stipulated that the victim, two-year, nine-month-old Colby, was incompetent to testify. Colby's mother testified she permitted Colby and his brother Jessie, age 4 years, 10 months,[1] to go on a bike ride one day with their neighbor Damon and his 12-year-old brother Vance. Colby rode on the back of Damon's bike to a corral area where they watched cows. The others followed on separate bikes. On the return trip Colby rode with Vance.

When the boys arrived at Colby's house about 40 minutes later, Colby was crying and sobbing. Damon immediately explained to Colby's mother that Colby had fallen down while running and had cried all the way home. Colby's mother asked her son, "What is the matter? Did you fall?" Colby replied, "No." Several minutes later when his mother touched his buttocks while trying to pick Colby up, the two-year-old began crying very loudly and volunteered that his buttocks hurt. His mother then asked him why, to which Colby replied, "Because Damon put his weenie in my butt." Defense counsel's objection to this evidence as inadmissible hearsay was overruled, the court noting the statement fell within the spontaneous declaration exception to the hearsay rule (Evid. Code, § 1240). Colby's mother went on to testify that prior to making this declaration Colby had never been exposed to sexual conduct of any sort.

Later in the day in question, Colby underwent a physical examination by Dr. David Walls, a physician in general practice. Dr. Walls testified Colby had four rectal lacerations and fresh blood in the same area. The doctor was of the opinion that Colby had been the victim of recent trauma, which was caused by a blunt, rather than sharp, instrument and not by a fall.

Testifying in his own defense, Damon said that during the break in the bike ride at the corral he saw Colby fall and begin crying immediately.

---

[1] It was also stipulated that Jessie was incompetent to testify.

Damon's brother Vance testified that he and Jessie were separated from Damon and Colby for a while during the bike ride. During that separation, Vance could see Damon for the whole time and Colby for at least part of it. Vance also stated he never saw Colby fall down that day.

DISCUSSION

I

*The Hearsay Exception*

The minor first urges that Colby's out-of-court statement, "Damon put his weenie in my butt," constituted inadmissible hearsay since it did not, as the court ruled, fall within the spontaneous declaration exception to the hearsay rule. We disagree.

Evidence Code section 1240,[2] upon which the court relied in overruling the minor's hearsay objection, provides as follows: "Evidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and [¶] (b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception."[3] This section permits admission of a spontaneous declaration notwithstanding the fact the declarant is too young to testify. (*People* v. *Orduno* (1978) 80 Cal.App.3d 738, 745 [145 Cal.Rptr. 806].)

Colby's declaration satisfied subdivision (a) of section 1240 in that it described the assaultive conduct to which Damon had subjected Colby a short time earlier. As for the question posed by subdivision (b), whether Colby offered this description spontaneously, we deem it appropriate to review carefully the discernible sequence of events leading up to Colby's inculpatory statement.

We note preliminarily that he made the statement within 10 minutes of his return from a bike ride which lasted almost 40 minutes. The event that prompted Colby's excitement appears to have occurred about halfway through the bike ride since Colby's resultant crying caused the group to turn for home. When the group reached Colby's home, Damon explained to Colby's mother that the tearful child had cried "the whole ride home."

---

[2]Hereinafter, all references to an unspecified code are to the Evidence Code.

[3]"The theory underlying this exception is that the declarant's lack of opportunity for reflection and deliberate fabrication supply an adequate assurance of the statement's trustworthyness." (*Box* v. *California Date Growers Assn.* (1976) 57 Cal.App.3d 266, 272 [129 Cal.Rptr. 146]. See 1 Jefferson, Evidence Benchbook (2d ed. 1982) § 13.1, pp. 369-378.)

Colby apparently would not reveal his reason for crying to his mother, save denying he had fallen down during the ride. Assuming Colby was merely tired, his mother left him alone for the next "minute or so." When she returned to find Colby still sobbing, she picked him up by placing one hand on his buttocks, whereupon Colby began crying loudly again. He shortly complained that his buttocks hurt. She carried him into a bedroom then asked him to explain why it hurt. Colby blamed Damon.

Although Colby was hesitant to explain his crying, this did not make his declaration any less spontaneous. ■ It is well settled that neither lapse of time between the relevant event and the declaration describing it nor the fact that the declaration was elicited by questioning deprives the statement of spontaneity if it nevertheless appears to have been made under the stress of excitement and while the declarant's reflective powers were still in abeyance. (*People* v. *Washington* (1969) 71 Cal.2d 1170, 1176 [81 Cal.Rptr. 5, 459 P.2d 259, 39 A.L.R.3d 541]; citations omitted.) "In making this difficult determination, the court must consider all of the surrounding circumstances." (*People* v. *Jones* (1984) 155 Cal.App.3d 653, 661 [202 Cal.Rptr. 289].) ■ We are satisfied that for all of the bike ride home and until he made the declaration in dispute, Colby remained in an extremely excited state. As such, the court could reasonably have concluded his reflective powers, to the extent a child of two years and nine months may reflect under these circumstances, were held in abeyance throughout this critical period. The eventual declaration was, therefore, spontaneous under section 1240.[4] In any event, Colby's statement was spontaneous in relation to its most immediate impetus, his mother's touching of his lacerated rectal area. By this act she caused her son pain and distress, which he immediately attributed to Damon's prior conduct.[5] ■ The determination that the required

---

[4] The defendant relies on *People* v. *O'Donnell* (1938) 11 Cal.2d 666 [81 P.2d 939]) in which the victim (a three-year-old who was molested) told her mother what the defendant had done to her and this was later recounted at the trial by her mother. The statement was deemed inadmissible as it "was not a part of the *res gestae* but a declaration of a past event. . . . [T]o be within the rule of *res gestae* the 'declaration must be "the natural and spontaneous outgrowth of the act or assault," and not a mere narration of a past transaction.'" (*Id.* at p. 670.) The enactment of section 1240 has created a rule which is not coterminous with the scope of res gestae. As Presiding Justice Gardner discussed in *People* v. *Orduno*, *supra*, 80 Cal.App.3d 738, at p. 744, fn. 1: [¶] "Older practitioners will remember the popularity of the phrase 'res gestae.' As Witkin says, (Witkin, Cal. Evidence (2d ed. 1966) p. 517), 'The early cases used the phrase "declarations part of the res gestae" loosely to describe several sorts of admissible hearsay and nonhearsay statements including verbal acts and excited or spontaneous utterances.' However, the new Evidence Code, modern writers and modern courts have abandoned the use of this rather ill-defined phrase. Res gestae has now gone the way of the great auk, the passenger pigeon and high button shoes."

[5] Colby's hearsay declaration identified the minor as his assailant. "It has long been . . . [held] . . . that 'An extrajudicial identification that cannot be confirmed by an identification at the trial is insufficient to sustain a conviction in the absence of other evidence tending to connect the defendant with the crime.' [Citations.]" (*In re Johnny G.* (1979) 25 Cal.3d 543,

facts exist to permit admission of a spontaneous declaration is vested in the trial court whose ruling should not be disturbed unless those facts are not supported by a preponderance of the evidence (*People* v. *Jones, supra,* 155 Cal.App.3d at p. 660). The court did not err.

## II

### *The Confrontation Clause*

 ██ The minor next contends that, regardless of whether Colby's statement fell within any recognized hearsay exception, its admission violated his constitutional right to confront his chief accuser.[6] ██ The right of confrontation is not absolute (*Herbert* v. *Superior Court* (1981) 117 Cal.App.3d 661, 667 [172 Cal.Rptr. 850, 19 A.L.R.4th 1276]) and not every statement made by a declarant not present at trial is required to be excluded, although the clause was intended to exclude some hearsay. (*Ohio* v. *Roberts* (1980) 448 U.S. 56, 63 [65 L.Ed.2d 597, 605-606, 100 S.Ct. 2531].) In considering the confrontation clause and hearsay evidence, the U.S. Supreme Court has said the focus of its concern "has been to insure that there 'are indicia of reliability . . .' . . . to 'afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement.'" (*Mancusi* v. *Stubbs* (1972) 408 U.S. 204, 213 [33 L.Ed.2d 293, 301, 92 S.Ct. 2308].)

 The plurality opinion in *Dutton* v. *Evans* (1970) 400 U.S. 74 [27 L.Ed.2d 213, 91 S.Ct. 210], discussed four factors deemed relevant to reliability: (1) whether the hearsay statement contained an express assertion

---

547 [159 Cal.Rptr. 180, 601 P.2d 196].) This case does not present typical identification problems. In any event, there is sufficient other evidence placing Colby with the minor during the critical period.

[6]The Sixth Amendment to the U.S. Constitution provides, in part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him;" the federal right is fundamental and obligatory on the states. (*Pointer* v. *Texas* (1965) 380 U.S. 400, 403 [13 L.Ed.2d 923, 926, 85 S.Ct. 1065].) The right applies in juvenile proceedings (*In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428].)

Article I, section 15 of the California Constitution provides, in part: "The defendant in a criminal cause has the right . . . to be confronted with the witnesses against the defendant."

The California constitutional provision was added in 1974 in order to restate what had already been in existence in the due process clause of the state Constitution. The California Constitutional Revision Commission treated the new clause as being identical with the right afforded by the U.S. Constitution. "[T]here is no reason to think the clause . . . would be interpreted differently than the United States Supreme Court has interpreted the United States Constitutional right of confrontation." (*People* v. *Bertoldo* (1978) 77 Cal.App.3d 627, 632 [143 Cal.Rptr. 675].)

While the confrontation clause and hearsay rules require a separate inquiry "'. . . [they] are generally designed to protect similar values' [citation] and 'stem from the same roots.' [Citation.]" (*Ohio* v. *Roberts, supra,* (1980) 448 U.S. 56, 66 [65 L.Ed.2d 597, 608, 100 S.Ct. 2531].)

about past fact, (2) whether the declarant's personal knowledge about the subject of his statement was established by independent evidence, (3) whether there was a substantial possibility of faulty recollection, and (4) whether the statement was made under circumstances indicating its reliability. (*Id.,* at pp. 88-89 [27 L.Ed.2d at p. 227].) In *Mancusi* v. *Stubbs, supra,* the U.S. Supreme Court said that "some of these 'indicia of reliability' referred to in Dutton" must be present for the hearsay to be admissible.[7] (408 U.S. 204 at p. 213 [33 L.Ed.2d at p. 302].)

While it is, of course, true that admission of a statement may violate the confrontation clause even though it was admitted under a recognized hearsay exception (*People* v. *Orduno, supra,* 80 Cal.App.3d 738 at p. 747, citing *California* v. *Green* (1970) 399 U.S. 149, 155-156 [26 L.Ed.2d 489, 495, 90 S.Ct. 1930]), no California case has suggested that admission of a spontaneous declaration is per se violative of the Confrontation Clause. (*Id.,* at pp. 747-748.) In fact, recently the U.S. Supreme Court, in *Ohio* v. *Roberts, supra,* 448 U.S. 56, in acknowledging "[t]he complexity of reconciling the Confrontation Clause and hearsay rules," held that the requisite reliability to satisfy the sixth amendment's requirements "*can be inferred without more . . . where the evidence falls within a firmly rooted hearsay exception.*" (*Id.* at p. 66 [65 L.Ed.2d at p. 608], italics added.)[8]

Under the facts of the instant case, we are satisfied defendant's right of confrontation was not violated by admission of Colby's spontaneous declaration.[9] Applying the factors enumerated in *Dutton,* Colby's explicit de-

---

[7]Of the principal recent U.S. Supreme Court cases on the confrontation clause, none has dealt with a spontaneous statement. For example, *Mancusi* v. *Stubbs, supra,* 408 U.S. 204 dealt with prior trial testimony; *California* v. *Green* (1970) 399 U.S. 149 [26 L.Ed.2d 489, 90 S.Ct. 1930], dealt with preliminary hearing testimony; *Dutton* v. *Evans, supra,* 400 U.S. 74, dealt with an accomplice's statement admitted under a hearsay exception; *Ohio* v. *Roberts, supra,* 448 U.S. 56, involved preliminary hearing testimony; and *Pointer* v. *Texas, supra,* 380 U.S. 400, involved a dying declaration.

[8]Although we believe the spontaneous declaration exception to the hearsay rule meets this requirement, we nevertheless have analyzed the "particularized guarantees of trustworthiness" which must be provided when no such exception is involved. (*Ibid.*)

[9]The circumstances in *People* v. *Orduno, supra,* 80 Cal.App.3d 738, are similar to those in the case at bench. In *Orduno* a three-year old girl was molested. After she ran from the defendant's apartment and in response to her mother's questioning the girl said "That man stuck his pee pee in my bummy" (anus). The mother testified as to this statement inasmuch as the child was incompetent to testify. The court referred to the *Dutton* criteria and noted that "spontaneity is a recognized indicia of reliability and therefore weighs against a finding of constitutional violation." Finding the statements of the victim unquestionably spontaneous and noting that she obviously had first hand knowledge of what was done to her, the court found the defendant's right of confrontation was not violated. The court also cited the existence of independent evidence of the presence of the child in the defendant's apartment (80 Cal.App.3d at p. 748).

Recently, in *People* v. *Jones, supra,* 155 Cal.App.3d 653, the court of appeal upheld admission as a spontaneous exception to the hearsay rule of a statement made by a victim

scription of the conduct to which Damon had subjected him a short time earlier clearly derived from the child's first-hand knowledge, thus making remote the possibility it was the product of faulty recollection. That Colby was in a position to acquire such knowledge is amply demonstrated by Damon's testimony, which placed Colby under his care during the entire bike ride. As noted *ante,* the spontaneous nature of the declaration is evident from the fact it followed immediately after a time of extreme and unwavering mental distress that all but nullified Colby's reflective powers. Additionally, we take notice of another indicium of this declaration's reliability, namely the lack of any evidence suggesting prior exposure of Colby to this or any sort of sexual conduct. In view of the foregoing circumstances, we hold Colby's statement was reliable. Application of the hearsay exception in the instant case rests upon a sufficiently solid foundation that admission of this evidence comports with the substance of the constitutional protection. (See *Ohio* v. *Roberts, supra,* 448 U.S. 56, at p. 66 [65 L.Ed.2d 597, at pp. 607-608].) There is no error.

■ Evidence of Colby's spontaneous declaration, augmented by the testimony of Dr. Walls that Colby had been subjected to trauma by means of a blunt instrument, constitutes substantial evidence to support the juvenile court's finding.

## DISPOSITION

The judgment (order sustaining the petition) is affirmed.

Evans, Acting P. J. and Carr, J., concurred.

---

of a fire. The victim was set on fire and he entered the hospital 30 minutes after he was rescued. In the emergency room while still in shock the victim placed the blame for the fire on his roommate saying "the crazy nigger [that] I live with threw gasoline on me." A month later the victim died from the burns. The statement was held admissible as a hearsay exception pursuant to section 1240 and did not violate the confrontation clause. In its opinion in *Jones, (Id.* at p. 663.) the court cited several cases from other jurisdictions where hearsay statements admitted under exceptions analogous to section 1240 were held not to violate the confrontation clause.