[No. B094022. Second Dist., Div. Five. Sept. 18, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT LEE DAILY, Defendant and Respondent.

**COUNSEL**

Gil Garcetti, District Attorney, Patrick D. Moran and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Jerome McGuire, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

The People of the State of California appeal from the dismissal of the information pursuant to Penal Code[1] section 995. This appeal raises the issue as to whether the hearsay declarations of the six-year-old victim, Andrew T., who was not competent to testify at the preliminary examination, are sufficient to support the magistrate's determination to hold defendant, Robert Lee Daily, to answer on a charge of child molestation. (§ 288.) Defendant argues that the minor was not found to be competent to testify. Hence, defendant argues the minor's hearsay declarations, which were related to a detective, were not admissible pursuant to section 872, subdivision (b). We reject defendant's contention in this regard. We conclude the preliminary hearing magistrate did not abuse his discretion in admitting the minor's hearsay declarations and hence reverse the dismissal order of the superior court.

## II. FACTUAL AND PROCEDURAL MATTERS

At the commencement of the preliminary hearing, the six-year-old victim, Andrew T., was called to testify. The minor was asked a series of questions, some of which he was unable to respond to in the presence of defendant. The questions he could not answer included: whether the minor knew what an oath was; what it meant to tell the truth; what it meant to tell a lie or a fib; whether he was scared by the magistrate's questioning; whether he would be more comfortable if the magistrate removed the judicial robe; what was the name of the child's school; and whether it would be a lie to misstate the color of the prosecutor's blouse. The child did answer some questions and indicated: he was six years of age; he was in the first grade; he did not know where he went to school; and the prosecutor was wearing a red blouse. Although the magistrate did not find Andrew T. was incompetent to testify, the prosecutor asked permission to have the minor excused.

Detective Jim Archer of the Santa Monica Police Department interviewed the minor on October 11, 1995. At the preliminary hearing, Detective Archer was permitted to testify concerning the hearsay declarations of Andrew T. which described defendant's conduct. It is the following testimony that defendant contends was inadmissible pursuant to section 872, subdivision (b) because the hearsay declarant, Andrew T., was not found to be competent to testify at the preliminary hearing. When interviewed on October 11, 1995,

---

[1]Unless otherwise noted, all future references to a statute are to the Penal Code.

two days after the incident, Andrew T. knew various colors but was less able to work with numbers. Detective Archer described his interview with Andrew T. as follows: "He told me that he was with his family: his father, his brother Chris, and some other people, and they were playing on the beach. He had to go to the restroom. So he went to his father and his father directed him to what is actually the 2400 block of the beach restroom. He went to that restroom. He went inside. He walked in to go to the bathroom. There was a man standing at the far end of the restroom. He said he went to the restroom, went to the bathroom, and then as he got ready to leave, the man said something like come here, and he said he didn't do what the man said, and then the man walked over to him, stood in front of him, and put his hand down his pants. He told me he was wearing shorts and underwear and the man's hand went down like through the underwear and actually made what would be skin-on-skin contact. He didn't have a word for his penis but he pointed into the direction of his penis, but he didn't have a word for it, and then he said after this took place, he then left the bathroom, went over to where Chris was playing football, and then waited a little bit, and then told Chris, and then they told the father, and then Chris told the lifeguard. Some other lifeguards came and went to the bathroom. They followed him to the bathroom and that's where they saw the man again." Detective Archer stated Andrew T. did not actually use the words "skin-on-skin contact." Detective Archer described the child's description as follows: "He told me that the person put his hand down his shorts. I asked him what he was wearing. He said shorts and underwear." Detective Archer described the interview and the words used by Andrew T. as follows: "Yes, and then he said that the person—I said can you show me how his hand was and he stood up and put his hand—what he was wearing at the time at the interview was, I believe, a pair of sweats and like briefs like jockey shorts, and he put his hand, 'his' hand, being like the person's hand, underneath the jockey shorts next to his skin." Andrew T. stated he had told his brother, Christopher M. about the incident. Andrew T. said he did not know the word for the male sexual organ.

On November 8, 1995, Andrew T. attended a lineup. Andrew T. was given a lineup card to fill out. The lineup card given to Andrew T. was received into evidence at the preliminary examination. We have transmitted the lineup card to this court pursuant to rule 10 of the California Rules of Court. On that lineup card, the minor: wrote the initial of his first name next to the eight separate warnings and admonitions concerning the lineup; correctly indicated the Santa Monica Police Department was handling the case; identified in writing the number of the lineup; correctly spelled the words "Santa Monica"; printed out his name above the line on the card entitled, "SIGNATURE OF WITNESS."

At the preliminary hearing, defendant interposed timely objections to Detective Archer testifying concerning the hearsay declaration of Andrew T. As here and as in the superior court, defendant contended before the magistrate that because Andrew T. was not found to be competent to testify at the preliminary examination, Detective Archer could not lawfully testify as to the minor's hearsay declaration pursuant to section 872, subdivision (b). The magistrate overruled the objection.

Eleven-year-old Christopher M. was called to testify in part for purposes of establishing a "fresh complaint" was made immediately after the act of molestation occurred. (*People* v. *Brown* (1994) 8 Cal.4th 746, 763-764 [35 Cal.Rptr.2d 407, 883 P.2d 949].) Christopher M., who evidenced a thorough understanding of the oath and the requirement to testify truthfully, testified that on October 9, 1994, he was at the beach with his family. One of the brothers of Christopher M. was Andrew T. who was also present at the beach. At approximately 3:45 to 4 p.m., Andrew T. went to one of the public bathrooms at the beach. After walking out of the restroom, Andrew T. played in the sand for approximately 10 minutes and then spoke to Christopher M. Christopher M. testified: Andrew T. looked "scared and worried"; Andrew T. stated a man in the restroom had touched him "in my weenie"; Andrew T. indicated defendant had accomplished the touching with a hand; at the time of the touching, Andrew T. was wearing pants; and Andrew T. pointed out defendant as the person who had performed the act of molestation. Christopher M. then notified a lifeguard who instructed defendant to be seated.

Defendant was held to answer in superior court. Defendant filed a motion to dismiss pursuant to section 995. The grounds for the dismissal motion were as follows: "At the preliminary hearing the magistrate allowed a police officer to testify under proposition 115 about what a five year old [victim] had told him some time after the incident. This testimony was unreliable hearsay and only allowed in after the prosecution failed to establish the [victim's] competency to testify." The superior court granted the dismissal motion and directed the release of defendant. The trial court stated: "The problem I'm having, quite frankly is that it is not a 115 situation. In a sense, the boy was put on the stand. He did not qualify. [¶] The judge did not feel he qualified as a witness. He wasn't a competent witness. So, therefore, he put on a 115 while the witness was there that didn't qualify. [¶] If you had just put on the 115 evidence, which you will probably do, if I dismiss the case, I wouldn't have known that the boy couldn't qualify. [¶] But I don't know how you can put on a 115, when the judge already said this is not a credible witness." Later, the trial court addressed the prosecutor during a

colloquy as follows: "You have a little boy who, after he's allegedly molested, he goes out and watches him play basketball, football, out there. [¶] And a long time later, he talked to the life guard and the police. A lot of time goes by. [¶] And you tried to argue that's really a spontaneous admission. And it does not qualify under 1240 of the Evidence Code at all. That is why he didn't qualify under the competency issue." The prosecution filed a timely notice of appeal.

### III. DISCUSSION

#### A. *Standard of review*

The present case involves, in part, issues concerning the standard of review to be applied in the context of a section 995 dismissal motion by a superior court judge in passing on hearsay and other evidentiary questions presented by a magistrate's determination to hold the accused to answer. Defendant argues as though the superior court judge was entitled to conduct de novo review of various evidentiary rulings rather than perform a deferential abuse of discretion analysis of the magistrate's rulings. We disagree.

In *Montez* v. *Superior Court* (1992) 4 Cal.App.4th 577, 582-584 [5 Cal.Rptr.2d 723], we related the following applicable standard of review to be utilized by both ourselves and the superior court in passing on a section 995 dismissal motion which involved evidence admissibility issues under section 872, subdivision (b): "The issue in the present case relates to the admissibility of evidence. The standard of review for both this court, and the superior court in passing upon evidentiary rulings by a magistrate conducting a preliminary examination is as follows: 'Accordingly, it is settled that in ruling on a motion under section 1538.5 the superior court sits as a finder of fact with the power to judge credibility, resolve conflicts, weigh evidence, and draw inferences, and hence that on review of its ruling by appeal or writ all presumptions are drawn in favor of the factual determinations of the superior court and the appellate court must uphold the superior court's express or implied findings if they are supported by substantial evidence. [Citation.] ▮ By contrast, in proceedings under section 995 it is the magistrate who is the finder of fact; the superior court has none of the foregoing powers, and sits merely as a reviewing court; it must draw every legitimate inference in favor of the information, and cannot substitute its judgment as to the credibility or weight of the evidence for that of the magistrate. [Citation.] On review by appeal or writ, moreover, the appellate court in effect disregards the ruling of the superior court and directly reviews the determination of the magistrate holding the defendant to answer. [Citation.]' (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 718 [195 Cal.Rptr. 503, 669

P.2d 1278].) [¶] In varying circumstances, appellate courts have applied the abuse of discretion standard in reviewing a trial judge's determinations to admit hearsay evidence when there was conflicting inferences and evidence concerning questions of trustworthiness of hearsay declarations or the existence of elements of a hearsay rule exception. (*People* v. *Edwards* (1991) 54 Cal.3d 787, 820 [1 Cal.Rptr.2d 696, 819 P.2d 436] [finding of trustworthiness for physical or mental state exception to the hearsay rule (Evid. Code, §§ 1250-1252) subject to abuse of discretion standard of review]; *People* v. *Frierson* (1991) 53 Cal.3d 730, 744-745 [280 Cal.Rptr. 440, 808 P.2d 1197] [trustworthiness finding by superior court in declining to admit declaration against interest (Evid. Code, § 1230) reviewed under abuse of discretion rule]; *People* v. *Gordon* (1990) 50 Cal.3d 1223, 1250-1251 [270 Cal.Rptr. 451, 792 P.2d 251] [abuse of discretion standard applies to trustworthiness finding concerning declaration against penal interest noting that the Legislature intended to entrust the issue of admissibility of declarations-against-interest evidence and principal question of trustworthiness to trial court's sound discretion]; *People* v. *Enriquez* (1977) 19 Cal.3d 221, 235 [137 Cal.Rptr. 171, 561 P.2d 261] [ruling by trial court that due diligence was exercised to secure the attendance of an unavailable witness as a precondition to the admissibility of prior recorded testimony (Evid. Code, §§ 240, 1292, subd. (a)(1)) not to be reversed in the absence of an abuse of discretion]; *People* v. *Tahl* (1967) 65 Cal.2d 719, 725 [56 Cal.Rptr. 318, 423 P.2d 246] [abuse of discretion standard to be applied to the issue of whether a hearsay declaration was made under a sense of impending death as required by former Code Civ. Proc., § 1870, subdivision 4, repealed (Stats. 1965, ch. 299, § 58, p. 1360) and reenacted as Evid. Code, § 1242]; *In re Troy D.* (1989) 215 Cal.App.3d 889, 902-905 [263 Cal.Rptr. 869] [presence of sufficient foundation for business records exception to hearsay rule (Evid. Code, § 1271) not to be disturbed on appeal unless there is an abuse of discretion]; *People* v. *Martin* (1983) 150 Cal.App.3d 148, 162 [197 Cal.Rptr. 655] [trial court's resolution of admissibility of declaration against penal interest exception to the hearsay rule (Evid. Code, § 1230) upheld under abuse of discretion standard of review when evidence of untrustworthiness present]; *People* v. *Francis* (1982) 129 Cal.App.3d 241, 253-254 [180 Cal.Rptr. 873] [abuse of discretion standard applied to trial court's finding that declaration made under sufficient stress to qualify for admissibility under the excited utterance provisions of the hearsay rule (Evid. Code, § 1240)]; *People* v. *Sherman* (1956) 139 Cal.App.2d 429, 431 [293 P.2d 809] [trial court did not abuse its discretion in excluding a physician's report on hearsay and relevance grounds].) Under certain circumstances, appellate courts can conduct independent review of certain questions concerning mixed issues of law and fact and pure issues of law. (*People* v. *Louis* (1986) 42 Cal.3d 969, 984-988 [232 Cal.Rptr. 110, 728 P.2d 180].)" In various

circumstances, Courts of Appeal have applied this deferential standard of review of magistrates' rulings in determining whether a section 995 dismissal motion should have been granted. (*People* v. *Eid* (1994) 31 Cal.App.4th 114, 126 [36 Cal.Rptr.2d 835] [sufficiency of offer of proof pursuant to § 866, subd. (a)]; *People* v. *Woods* (1993) 12 Cal.App.4th 1139, 1149 [15 Cal.Rptr.2d 906] [existence of bad faith or excusable neglect within meaning of § 1387.1]; *Shannon* v. *Superior Court* (1992) 5 Cal.App.4th 676, 682-685 [7 Cal.Rptr.2d 47] [admissibility of hearsay declarations pursuant to § 872, subd. (b)].)

### B.   *The admissibility of Detective Archer's testimony*

■    Defendant argues that Detective Archer's testimony concerning the hearsay declarations of Andrew T. was inadmissible. Detective Archer gave hearsay testimony pursuant to section 872, subdivision (b) which states in pertinent part, "Notwithstanding Section 1200 of the Evidence Code, the finding of probable cause may be based in whole or in part upon the sworn testimony of a law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted." Defendant reasons that since Andrew T. was not determined to be competent to testify in court on November 15, 1995, his hearsay declarations to Detective Archer on October 11, 1995, were inadmissible. We disagree for two separate reasons. To begin with, section 872, subdivision (b) does not impose a requirement that the hearsay declarant be competent to testify in order for a properly qualified peace officer to relate the out-of-court statements at the preliminary examination of a child witness. The provisions of law relating to competency, Evidence Code section 700 et seq., only relate to a witness called to testify in court. They do not address the issue of the competency of a hearsay declarant. Second, the magistrate could reasonably have determined that the out-of-court declarations by Andrew T. to Detective Archer were competently made on October 11, 1995. As noted previously, Andrew T. was responsive to Detective Archer's questions. On October 9, 1995, Andrew T. explained the incident to his older brother. The person Andrew T. indicated was the offender was still in the public restroom when Christopher M. was alerted concerning the act of molestation. No explanation was provided as to why defendant remained in a public restroom for 10 minutes. The minor related to Christopher M. that the molester was wearing white shorts. We have reviewed the photograph of defendant taken in the Santa Monica municipal jail. Defendant is clad in white shorts, just as related by Andrew T. to Christopher M. The recitations to Christopher M. and Detective Archer by Andrew T. were consistent. Further, the lineup card evinced a level of maturity consistent with the ability to accurately relate an act of

molestation. Hence, no abuse of discretion occurred in connection with permitting Detective Archer to set forth the hearsay declarations of Andrew T. concerning the act of molestation. Both we and the superior court are bound by the magistrate's determinations in this regard. .

Our determination the hearsay provisions of section 872, subdivision (b) do not require a child molestation victim to be qualified to testify at a preliminary hearing in order for the minor's hearsay declarations to be admissible is consistent with other provisions of law. The Courts of Appeal are unanimous in their holdings that a child molestation victim's spontaneous declarations are admissible pursuant to Evidence Code section 1240.[2] ■ It is well established that the spontaneous hearsay declarations of minors who were not competent to testify in court concerning sexual molestation are admissible pursuant to Evidence Code section 1240. (*In re Emilye A.* (1992) 9 Cal.App.4th 1695, 1713 [12 Cal.Rptr.2d 294]; *In re Damon H.* (1985) 165 Cal.App.3d 471, 475-476 [211 Cal.Rptr. 623]; *People* v. *Jones* (1984) 155 Cal.App.3d 653, 664 [202 Cal.Rptr. 289]; *People* v. *Orduno* (1978) 80 Cal.App.3d 738, 742-743 [145 Cal.Rptr. 806].) The same is true in connection with a child's spontaneous declarations concerning other crimes. (*People* v. *Trimble* (1992) 5 Cal.App.4th 1225, 1233 [7 Cal.Rptr.2d 450].)

## C. *Sufficiency of the evidence*

■ We conclude the foregoing constituted sufficient evidence to constitute probable cause to believe a crime had been committed and defendant was the perpetrator of the offense. The statements of Andrew T. to Christopher M. established an act of molestation had occurred and identified defendant as the offender. The fact a complaint was promptly made about the molestation to Christopher M. is also pertinent evidence of guilt. (*People* v. *Brown* (1994) 8 Cal.4th 746, 763-764 [35 Cal.Rptr.2d 407, 883 P.2d 949].) Finally, the hearsay declarations of Andrew T. related by Detective Archer established all of the elements of a violation of section 288. (*People* v. *Martinez* (1995) 11 Cal.4th 434, 443-453 [45 Cal.Rptr.2d 905, 903 P.2d 1037]; *People* v. *Scott* (1994) 9 Cal.4th 331, 341-342 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) Further, the minor's statements to Detective Archer were corroborated by the fresh complaint testimony elicited from Christopher M.

---

[2]Evidence Code section 1240 states: "Evidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and [¶] (b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception."

## IV. DISPOSITION

The dismissal order is reversed.

Grignon, J., and Godoy Perez, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 23, 1996. Mosk, J., was of the opinion that the petition should be granted.