Filed 3/7/24  P. v. Camacho CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>PETER CAMACHO,<br><br>  Defendant and Respondent. | F086038<br><br>(Super. Ct. No. VCF405649)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Tim Ward, District Attorney, Douglas Dobbin, Deputy District Attorney, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

This appeal is brought by the Tulare County District Attorney seeking the reversal of an order dismissing a count brought against defendant Peter Camacho, following a Penal Code section 995 hearing. [1]  Appellant argues the trial court improperly reweighed

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

the evidence presented to the magistrate at the preliminary hearing, who found there was probable cause to charge defendant with committing a violation of Vehicle Code section 2800.2. Following our review of the record, we affirm.

## PROCEDURAL SUMMARY

On November 25, 2020, a felony complaint was filed charging defendant with two felony firearm violations. Defendant failed to appear for his arraignment on the complaint, resulting in a bench warrant being issued on March 19, 2021.

Defendant was arraigned on January 18, 2023, on charges brought in a different case for two violations of Vehicle Code section 2800.2, occurring on September 16, 2021, and October 6, 2021. The charge from October 6, 2021, is the subject of this appeal. (Case No. VCF430254.) At some point, this prior case was consolidated with present case No. VCF405649.

Following a preliminary hearing held on January 30, 2023, an information was filed on February 9, 2023, charging defendant with the same two firearm counts specified in the November 2020 felony complaint, but also included two felony counts of fleeing a pursuing peace officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2, a felony; counts 3 and 4). Count 4 involved the October 6, 2021, incident that is the subject of this appeal.

Defendant filed a motion challenging count 4, arguing the evidence submitted at the preliminary hearing did not support the charge under section 995. Defendant's section 995 motion was granted in the superior court following a hearing on March 23, 2023. The People timely appealed.

## FACTUAL SUMMARY

During the preliminary hearing addressing the evidence supporting a finding of probable cause to charge count 4, Officer Vince Muto offered testimony about the events occurring on October 6, 2021. Muto was not a percipient witness to any of the October 6 events. Muto's testimony was based on a report of the incident prepared by another

2.

officer, Octavio Hernandez. Hernandez reported he was on duty the evening of October 6 and working in a special enforcement unit. Hernandez started to follow a speeding motorcycle rider who was approaching an intersection. When the motorcycle stopped at a red light, Hernandez realized the rider was defendant. Hernandez knew it was defendant because of prior contacts and that he had encountered him in another case. After defendant made eye contact with Hernandez, he ran the red light and turned onto another street. Hernandez then turned on his overhead lights and siren and engaged in a pursuit. Hernandez estimated defendant's speed at this point to be 70 miles per hour. After following defendant for another couple of other streets, he followed defendant as he entered the freeway. Hernandez noted his belief defendant's speed on the freeway was approximately 95 miles per hour. At this point, Hernandez ended his pursuit for public safety reasons.

When asked what Vehicle Code violations Hernandez noted in his report, Muto responded as follows:

> "[Witness] Running the red light and then speeding, again, by -- or going northbound on Ben Maddox or Tulare, which was 70 miles an hour, again, on the freeway reaching speeds of 95 and then reckless driving.

> "[Prosecutor] When you say 'reckless driving,' is that something in addition to these speeding violations?

> "[Witness] Yes. Showing disregard for public safety.

> "[Prosecutor] Was it a separate incident, or is it just the speeding itself is disregard for public safety?

> "[Witness] Correct. The speeds he was going is also considered reckless driving.

> "[Prosecutor] And you say he ran the red light before the overhead red lamp was turned on?

> "[Witness] I believe so."

Muto then described the law enforcement vehicle Hernandez was driving at the time, which was equipped with the emergency lights and sirens, and further confirmed Hernandez was in uniform at the time of the incident.

## DISCUSSION

I.   THE SECTION 995 MOTION

A section 995 motion questions whether a charge pursued in an information is supported by probable cause, which is usually developed during a preliminary hearing. When ruling on the section 995 motion in this case, the trial court stated:

> "I think there are instances where speeding could constitute a willful and wanton disregard for human life.  I don't see it here.  I don't see enough factual support for the charge of felony evading in this case.
>
> "You have speeding and really nothing else.  There was no evidence developed about whether there was any other traffic on the road, whether there were any pedestrians nearby.  In short, there's just nothing to establish that, for example, there were near misses in terms of accidents, that he came close to any other vehicle and so forth.  So you simply just have speeding.
>
> "In the absence of anything else, I don't think it suffices to establish willful and wanton disregard.
>
> "So I will grant the 995 as to the felony 2800.2.  I think evidence remains to support a misdemeanor 2800.1 on those facts but not more than that."

The question we must resolve is whether the evidence presented at the preliminary hearing established probable cause that defendant committed a felony violation of Vehicle Code section 2800.2.

*A.    The Applicable Standard of Review*

To overcome a section 995 motion, the prosecution must show evidence was presented in the preliminary hearing supporting the existence of each element of the charged crime.  (*People v. Scully* (2021) 11 Cal.5th 542, 582.)  The evidence from the preliminary hearing does not have to be sufficient to support a conviction.  (*Rideout v.*

4.

*Superior Court* (1967) 67 Cal.2d 471, 474.)  "[A]n indictment or information should be set aside only when there is a total absence of evidence to support a necessary element of the offense charged."  (*People v. Superior Court (Jurado)* (1992) 4 Cal.App.4th 1217, 1226.)  Moreover, an information should not be set aside " 'if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it.' "  (*People v. San Nicolas* (2004) 34 Cal.4th 614, 654.)

When a motion is brought under section 995, we must acknowledge the magistrate is the finder of fact.  (*People v. Daily* (1996) 49 Cal.App.4th 543, 549.)  The superior court sits merely as a reviewing court and "cannot substitute its judgment [on] the credibility or weight of the evidence for that of the magistrate."  (*Ibid*.)  Our review requires us to "disregard[] the ruling of the superior court and directly review[] the determination of the magistrate holding the defendant to answer."  (*People v. Laiwa* (1983) 34 Cal.3d 711, 718.)  We, therefore, apply a deferential standard when reviewing the magistrates' decision on whether a section 995 dismissal motion should have been granted.  (*People v. Eid* (1994) 31 Cal.App.4th 114, 126.)

Furthermore, we consider every legitimate inference that can be drawn from the evidence to support the information.  (*People v. Superior Court (Jurado), supra,* 4 Cal.App.4th at p. 1226.)  Our review of the evidence supporting the information considers whether, as a matter of law, the evidence is sufficient, not whether the ruling was reasonable.  (*Ibid.*)

*B.     Analysis*

A defendant commits the crime of driving with willful or wanton disregard for the safety of persons or property while fleeing from a pursuing police officer:

> "(a) If a person flees or attempts to elude a pursuing peace officer […] and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year. […]

"(b) For purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs."  (Veh. Code, § 2800.2, subds. (a), (b).)

The magistrate in this case concluded probable cause supported the charge that defendant violated Vehicle Code section 2800.2.  Therefore, we must review the evidence presented at the preliminary hearing to determine if each element of that crime was supported by "sufficient" evidence.  We do not consider the weight or strength of the evidence.  (*People v. Daily, supra,* 49 Cal.App.4th at p. 549.)

At the end of the preliminary hearing, the magistrate stated there was, "sufficient cause to support the charge of a violation of Vehicle Code [s]ection 2800.2."  There is no question the evidence presented at the preliminary hearing supported the conclusion defendant was fleeing or attempting to allude a pursuing peace officer once that pursuit began.  The more difficult question is whether the evidence was sufficient to support the conclusion defendant's manner of driving was willful or wanton, showing a disregard for the safety of others or property.  (See Veh. Code, § 2800.2.)

There are two ways to reach this conclusion under the statute.  First, we must ask whether the act of driving approximately 70 miles per hour on city streets, increasing to 95 miles per hour on the freeway, at night, was sufficient evidence of willful or wanton conduct?  Willfulness in the context of reckless driving includes an intentional disregard for safety.  (See Veh. Code, § 23103; see also *People v. Dewey* (1996) 42 Cal.App.4th 216, 221.)

Muto testified Hernandez observed defendant running a red light before the actual pursuit began.[2]  Muto then quoted from Hernandez's report that during his pursuit

---

[2]    In fact, later in his testimony Muto stated Hernandez told him he initiated the pursuit after defendant ran the red light.

defendant drove at high speeds, first on a city street and then on the freeway.[3] While still on city streets, defendant made at least two turns. There was no evidence provided from Hernandez's report suggesting these turns were taken at a high rate of speed. When defendant entered the freeway, he increased his speed to approximately 95 miles per hour. While Hernandez reported this chase occurred at approximately 2100 hours, or 9:00 p.m., again, no evidence was offered that other drivers were on any streets or the freeway during any portion of the pursuit. Therefore, we have no evidence explaining why Hernandez stopped his pursuit and what supported his conclusion it was necessary for public safety.

The second way to prove a violation of Vehicle Code section 2800.2, is contained in subdivision (b), which allows a finding of willful or wanton conduct if evidence shows the defendant was "driving while fleeing or attempting to elude a pursuing peace officer during which time *either three or more violations* that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs." (Veh. Code, § 2800.2, subd. (b), italics added.)

The evidence supporting a possible conviction under Vehicle Code section 2800.2, subdivision (b) would have to fall within Vehicle Code section 12810, subdivision (f), for traffic violations that occurred during the pursuit involving the "safe" operation of a motor vehicle on a "highway." Because the definition of a highway also includes streets, the evidence provided during the preliminary hearing could have supported the conclusion defendant committed two separate violations of speeding, once on city streets, and once on the freeway. (See Veh. Code, §§ 360, 590.) However, there is a lack of a third violation in the evidence presented in the preliminary hearing, unless defendant's running of the red light after he made eye contact with Hernandez is considered part of

---

**3** It should be noted, there is a dearth of case law concluding excessive speed alone, without other facts, constitutes willful or wanton conduct that disregards the safety of property or others.

the pursuit.  The record contains a statement from Muto that Hernandez told him the pursuit started after defendant ran the red light.  For this reason, we do not believe Hernandez was a "pursuing peace officer" under Vehicle Code section 2800.2, subdivision (b), as neither overhead lights nor a siren was activated on his police vehicle until after defendant ran the red light.

## DISPOSITION

The dismissal of count 4 from the information is affirmed.


                                                            FRANSON, J.

WE CONCUR:



LEVY, Acting P. J.



MEEHAN, J.


8.